UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-60573-CIV-MORENO/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MUTUAL BENEFITS CORPORATION, et al.,

Defendants.

### CONSENT OF DEFENDANT LESLIE STEINGER TO FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

1. Defendant Leslie Steinger ("Steinger") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Steinger, without admitting or denying the allegations of the complaint, except that he admits the allegations as to personal and subject matter jurisdiction, consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins Steinger from violation of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder;



1

(b) orders Steinger to pay disgorgement and prejudgment interest in the amount of $9,000,000, jointly and severally with Rainy Consulting, Inc. and Twin Groves Investments Inc.; and

(c) orders Steinger to pay a civil penalty in the amount of $500,000 under Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.

3. Steinger agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Steinger pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Steinger further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that he pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Steinger waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Steinger waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Steinger enters into this Consent voluntarily, after consulting with his undersigned counsel, and represents that no threats, offers, promises, or inducements of any kind, except as stated herein or in the attached Final Judgment, have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to him or to anyone acting for him or on his behalf, to induce him to enter into this Consent.

7. Steinger agrees that this Consent shall be made a part of and incorporated into the attached Final Judgment to be entered by the Court in this action.

8. Steinger will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Steinger waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Steinger of its terms and conditions. Steinger further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Steinger in this civil proceeding. Steinger acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Steinger waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Steinger further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Steinger understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Steinger understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Steinger agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Steinger hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Steinger breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Steinger's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.     Steinger hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Steinger to defend against this action. For these purposes,

Steinger agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Steinger acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Steinger agrees that he shall not, after offset or reduction in any Related Investor Action based on his payment of disgorgement in this action, further benefit by offset or reduction of any part of his payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Steinger agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Steinger by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

14. Steinger acknowledges that the Court is ordering him, along with Relief Defendant Rainy Consulting Corporation, to pay disgorgement and prejudgment interest of $9,000,000, and that the Court is ordering him to pay a civil penalty of $500,000, all within one year of entry of the Final Judgment as follows: $4,500,000 shall be due and payable within 15 days of entry of the Final Judgment; and an additional $5,000,000 shall be due and payable within one year of entry of the Final Judgment. Interest shall accrue on the additional $5,000,000 payment at a rate of interest

set forth in Rule 600(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.600(b), from the date of entry of the Final Judgment until such amount is paid in full. All payments shall be paid to the Clerk of Court, together with a cover letter identifying Steinger as a defendant in this action; setting forth the title and civil action number of the action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Steinger shall simultaneously transmit photocopies of such payments and cover letters to Alise Johnson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131. By making these payments, Steinger relinquishes all legal and equitable right, title and interest in such Funds, and no part of the Funds shall be returned to him.

15. Steinger agrees that if he fails to make any single payment, or part of any single payment, within the precise time specified for such payment in Paragraph 14 above, the installment payment terms of Paragraph 14 shall no longer apply, and the full amount of his remaining unpaid disgorgement, prejudgment interest and civil penalty shall be immediately due, owing and payable, plus post-judgment interest on such remaining unpaid amount calculated at the rate of interest set forth in Rule 600(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.600(b), from the date of entry of the Final Judgment until such amount is paid in full.

16. Steinger agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

17. Steinger agrees that this Court shall retain jurisdiction over him and this matter for the purpose of enforcing the terms of the Final Judgment.

18. Steinger agrees that he will dismiss his pending appeals before the Eleventh Circuit and his Petition for Writ of Certiorari before the U.S. Supreme Court within ten days after entry of the Final Judgment.

Dated: 12/1/05

_____
LESLIE STEINGER

On 12/1, 2005, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Dee B. Soli
Commission # DD114586
Expires May 2, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

Approved as to form:

_____
George G. Mahfood, Esq.
Ferrell Law, P.A.
34th Floor, Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Attorneys for Leslie Steinger