UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-60573-CIV-MORENO/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

MUTUAL BENEFITS CORPORATION, et al.,

Defendants.

## CONSENT OF RELIEF DEFENDANT RAINY CONSULTING CORPORATION

1. Relief Defendant Rainy Consulting Corporation ("Rainy") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over it and over the subject matter of this action.

2. Rainy, without admitting or denying the allegations of the complaint, except that it admits the allegations as to personal and subject matter jurisdiction, consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which orders Rainy to pay disgorgement and prejudgment interest in the amount of $9,000,000, jointly and severally with Defendant Leslie Steinger.

3. Rainy waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Rainy waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Rainy enters into this Consent voluntarily, after consulting with its undersigned counsel, and represents that no threats, offers, promises, or inducements of any kind, except as

1

stated herein or in the attached Final Judgment, have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to it or to anyone acting for it or on its behalf to induce it to enter into this Consent.

6. Rainy agrees that this Consent shall be made a part of and incorporated into the attached Final Judgment to be entered by the Court in this action.

7. Rainy will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Rainy waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Rainy of its terms and conditions. Rainy further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that it has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Rainy in this civil proceeding. Rainy acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Rainy waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Rainy further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory

disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Rainy understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Rainy understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Rainy agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Rainy hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Rainy breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Rainy's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Rainy hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by him to defend against this action. For these purposes, Rainy agrees that it is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Rainy acknowledges the Court is ordering it, along with Defendant Leslie Steinger, to pay disgorgement and prejudgment interest of $9,000,000, representing alleged proceeds directly or indirectly received in connection with the conduct alleged in the Complaint. Rainy shall satisfy its disgorgement obligations by paying within one year of entry of the Final Judgment as follows: $4,500,000 shall be due and payable within 15 days of entry of the Final Judgment; and an additional $4,500,000 shall be due and payable within one year of entry of the Final Judgment. Interest shall accrue on the additional $4,500,000 payment at a rate of interest set forth in Rule 600(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.600(b), from the date of entry of the Final Judgment until such amount is paid in full. All payments shall be paid to the Clerk of Court, together with a cover letter identifying Rainy as a relief defendant in this action; setting forth the title and civil action number of the action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Rainy shall simultaneously transmit photocopies of such payments and cover letters to Alise Johnson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Suite 1800, Miami, Florida, 33131. By making these payments, Rainy relinquishes all legal and equitable right, title and interest in such Funds, and no part of the Funds shall be returned to it.

13. Rainy agrees that if it fails to make any single payment, or part of any single payment, within the precise time specified for such payment in Paragraph 12 above, the installment payment terms of Paragraph 12 shall no longer apply, and the full amount of its remaining unpaid disgorgement, prejudgment interest and civil penalty shall be immediately due, owing and payable, plus post-judgment interest on such remaining unpaid amount calculated at the rate of interest set forth in Rule 600(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.600(b), from the date of entry of the Final Judgment until such amount is paid in full.

14. Rainy agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Rainy agrees that this Court shall retain jurisdiction over it and this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/1/05

RAINY CONSULTING CORPORATION

By LESLIE STEINGER
President of Rainy Consulting Corporation

On 12/1, 2005, _____ a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Rainy Consulting Corporation, as its President.

_____
Notary Public
Commission expires:

Dee B. Soll
Commission # DD114586
Expires May 2, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

Approved as to form:

George R. Mahfood, Esq.
Ferrell Law, P.A.
34th Floor, Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Attorneys for Rainy

5