UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 04-60573-CIV-MORENO/SIMONTON

SECURITIES AND EXCHANGE COMMISSION,

                              **Plaintiff,**

v.

MUTUAL BENEFITS CORP., et al.,

                              Defendants.

_____/

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER
RELIEF AS TO DEFENDANT STEVEN STEINER AND RELIEF DEFENDANTS
CAMDEN CONSULTING, INC. AND SKS CONSULTING, INC.**

Plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing its Complaint against, among others, Steven Steiner ("Steiner"), Camden Consulting, Inc. ("Camden") and SKS Consulting, Inc. ("SKS"). In its Complaint, the Commission sought a temporary restraining order and preliminary and permanent injunctions to prohibit Steiner from violating Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder. The Commission also sought an accounting, disgorgement, records preservation, expedited discovery, an order temporarily freezing assets of Camden and SKS, and an order imposing civil penalties pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.

1

Steiner, Camden, and SKS, by the Consents affixed hereto, without admitting or denying any of the allegations in the Commission's Complaint, except as to the jurisdiction of the Court over them and the subject matter of the Complaint, have agreed to the entry of this Final Judgment of Permanent Injunction and Other Relief ("Final Judgment"), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. This Court, having accepted the Consents and this Court having jurisdiction over Steiner, Camden, and SKS and the subject matter of the Complaint, orders as follows:

## I.  PERMANENT INJUNCTIVE RELIEF

### A.  VIOLATION OF SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT

**IT IS ORDERED AND ADJUDGED** that Steiner, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly:

(a) making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell any security, in the form of units, common stock, warrants or any other security, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such security;

(b) carrying or causing to be carried through the mails or in interstate commerce, by means or instruments of transportation, any security, in the form of units, common stock, warrants or any other security, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such security; or

    (c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy any security, in the form of units, common stock, warrants or any other security, through the use or medium of any prospectus or otherwise, unless and until a registration statement is filed with the Commission as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e©).

## B.  VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Steiner, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, singly or in concert, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of material fact or omission to state any material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; or

      (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of any such security,

in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3).

### C. VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Steiner, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

      (a)    employing any device, scheme or artifice to defraud;

      (b)    making any untrue statements of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## II.  DISGORGEMENT AND CIVIL PENALTIES

**IT IS FURTHER ORDERED AND ADJUDGED** that Steiner, Camden, and SKS are jointly and severally liable for disgorgement and pre-judgment interest in the amount of $5,000,000, representing the proceeds they received as a result of the conduct alleged in Complaint.  Based upon Steiner, Camden and SKS's sworn representations in their Statements of Financial Condition, and other documents submitted to the Commission, Steiner, Camden and SKS shall together pay $3,925,000 ("the Funds") to the Court-appointed Receiver, Roberto Martinez.

Based upon Steiner, Camden and SKS's sworn representations in their Statements of Financial Condition, and other documents submitted to the Commission, the Court is waiving the remainder of the disgorgement, and pre-judgment interest and is not ordering payment of a civil penalty.  The determination to waive partial payment of the disgorgement and pre-judgment interest and to not impose a penalty  is contingent upon the accuracy and completeness of the Statements of Financial Condition.  If at any time following the entry of this Final Judgment the Commission obtains information indicating that Steiner, Camden and/or SKS's representations to the Commission concerning their assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Steiner, Camden or SKS, petition the Court for an order requiring them to pay the full amount of  disgorgement and pre-judgment interest of $5,000,000, and the maximum civil penalty allowable under the law.  In connection with any such petition, the only issue shall be whether the financial information provided by Steiner, Camden or SKS was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the

time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Steiner, Camden and SKS to pay funds or assets up to the disgorgements and pre-judgment interest amount of $5,000,000, directing the forfeiture of any assets up to the disgorgement and pre-judgment interest amount of $5,000,000, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Steiner, Camden and SKS may not, by way of defense to such petition: (1) challenge the validity of the Consent or the Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment interest and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment of $5,000,000; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

### III.

### PAYMENT INSTRUCTIONS

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Steiner, Camden, and SKS shall satisfy their disgorgement and pre-judgment interest obligation by paying $750,000, which has been escrowed by Steiner with his counsel, Lee Rubin, Esq., within 10 days of the entry of this Final Judgment to the Court-appointed Receiver, Roberto Martinez. A second payment of $3,175,000 shall be paid to the Receiver within one year of entry of the Final Judgment. Interest shall accrue on the second $3,175,000 payment at a rate of interest set forth in Rule 600(b) of the Commission's Rules of Practice, 17 C.F.R. § 201.600(b), from the date of entry of the Final Judgment until such amount is paid in full. Steiner, Camden,

6

and SKS shall simultaneously transmit photocopies of such payments and cover letter to Robert K. Levenson, Esq., Securities and Exchange Commission, 801 Brickell Avenue, Miami, Florida, 33131.  By making these payments, Steiner, Camden, and SKS relinquish all legal and equitable right, title, and interest in such Funds, and no part of the funds shall be returned to them.

### IV.  INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that Steiner, Camden, and SKS shall comply with the provisions of the Consent, and that the Consent is incorporated by reference into this Final Judgment as if fully set forth herein.

### V.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court will retain jurisdiction over this matter and over Steiner, Camden and SKS in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

### VI.  ASSET FREEZE

**IT IS FURTHER ORDERED AND ADJUDGED** that the asset freeze currently in effect against Camden, as set forth in this Court's Orders of May 4, 2004 and February 16, 2005, is vacated and set aside in all respects.

## VII. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** this <u>10</u> day of April, 2007, Miami, Florida.

_____
**HONORABLE FEDERICO MORENO**
**UNITED STATES DISTRICT JUDGE**

Copies to:  Counsel of Record