**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  04-60573-CIV-MORENO/SIMONTON**

**SECURITIES AND EXCHANGE COMMISSION,**

     **Plaintiff,**

**v.**

**MUTUAL BENEFITS CORP., et al.,**

     **Defendants,**

**VIATICAL BENEFACTORS, LLC, et al.,**

     **Relief Defendants.**

_____/

**ORDER ON RECEIVER'S MOTION FOR SANCTIONS**

     Presently pending before this Court is the Receiver's Motion 1) For Sanctions For Failure To Comply With Court's Order Granting Motion To Compel Production of Rule 30(b)(6) Witness; and 2) For Order To Show Cause Why Defendant Joel Steinger and Old World Development, Inc. Should Not Be Held In Contempt of Court (DE # 1994). This motion is referred to the undersigned Magistrate Judge (DE # 2000).  The motion is fully briefed (DE ## 1998, 2004).  For the reasons stated below, the Motion is granted in part and denied in part, without prejudice to renew the motion for contempt after the deposition of the corporate representative of Old World Development, Inc.

     **I.**  **Background**

     On December 6, 2005, this Court entered a Final Judgment of Permanent Injunction and Other Relief as to Defendant Joel Steinger and Relief Defendant Kensington Management, Inc.[1]  Pursuant to the Final Judgment, Joel Steinger was

_____

[1] The facts in this section are largely taken from the instant motion.

required to pay a total of $9,500,000 in disgorgement and civil penalties (DE # 1494).  As of November 28, 2007, Joel Steinger still owed $6,075,787 plus interest of the Final Judgment against him.

The Receiver and Plaintiff are attempting to execute upon the Final Judgment. Their efforts include taking discovery in aid of execution.  The Receiver asserts that after the entry of the Final Judgment against him, Joel Steinger formed a Florida corporation, Old World Development, Inc. (hereafter "Old World"), for which he is the sole officer and sole director.  On August 28, 2007, the Receiver served a subpoena on Old World for the production of documents and for testimony from a corporate representative pursuant to Rule 30(b)6).  One of the deposition topics identified in the notice was the whereabouts of all assets held, acquired, disposed of, or sold by Old World Development, Inc. from December 6, 2005 to the present (Ex. A to DE # 1994).

The deposition and document production were originally set for September 18, 2007.  Counsel for the Receiver called Joel Steinger's counsel the day before the deposition to confirm the attendance of a witness.  Counsel for the Receiver subsequently received a voice mail message late in the afternoon saying that nobody would be attending the September 18, 2007 deposition because Joel Steinger's divorce trial was scheduled to begin the same day.

Nobody appeared for Old World at the September 18, 2007 deposition.  Counsel for the Receiver then sent a letter to Joel Steinger's counsel stating a willingness to reschedule the deposition if Steinger would appear as the corporate representative, answer questions and not assert his Fifth Amendment privilege (Ex. B to DE # 1994). Joel Steinger's counsel did not respond to the letter.

On October 22, 2007, the Receiver filed a motion to compel production of the

2

corporate representative for deposition and to compel production of the documents (DE # 1971).  Old World did not respond to the motion.  On November 19, 2007, the District Court granted the motion, ordered Old World to produce a corporate representative for deposition and to produce responsive documents by November 26, 2007, and stated that failure to comply with the order would result in Rule 37 sanctions (DE # 1993).

On November 19, 2007, the Receiver then sent a letter to counsel for Joel Steinger and Old World requesting a date for the Court-ordered deposition (Ex. C to DE # 1994).  Counsel for Joel Steinger and Old World did not respond to the letter.

On November 21, 2007, when Joel Steinger appeared for a separate deposition of Majestic Farms, LLC, Steinger and his counsel said that the Old World deposition could also be conducted at that time.  Steinger and his counsel then indicated that Steinger would refuse to testify and would assert his Fifth Amendment privilege.  Steinger did not produce any documents on behalf of Old World.

Subsequently, Joel Steinger's criminal defense counsel did produce documents from Old World.  On November 26, 2007, counsel for the Receiver sent an e-mail to Steinger's criminal defense counsel asking whether Old World would comply with the Court's November 26, 2007 deadline and produce a corporate representative (Ex. D to DE # 1994).  Steinger's criminal defense counsel copied Steinger's civil defense counsel, referring the matter to him, and Steinger's civil defense counsel never responded.

This motion followed.

II.  <u>The Instant Motion</u>

In this motion, the Receiver asks that Old World and Joel Steinger, the sole officer and director of Old World, be sanctioned pursuant to Fed.R.Civ.P. 37(b)(2) in the amount of $1,200.00 which represents four hours of counsel's time at $300.00 an hour, being the

approximate amount of time that counsel for the Receiver has spent: 1) trying to depose Old World; 2) moving to compel Old World's deposition; 3) wasting time when Steinger appeared and refused to testify; and 4) preparing the instant motion.

The Receiver also asks this Court, pursuant to Rule 37(b)(1), to enter an order for Old World and Joel Steinger to show cause why they should not be held in civil contempt.  The Receiver asks that the order impose a further sanction of $500.00 per business day following the order until Old World complies with the Court's order and produces a corporate representative for deposition (DE # 1994).

Joel Steinger and Old World respond that Old World provided documents to the Receiver on November 26, 2007, and that had the Receiver asked Joel Steinger, at the corporate representative deposition, any questions, Steinger would have invoked his Fifth Amendment right against self-incrimination.  Steinger asserts that sanctioning him for refusing to answer questions as a corporate representative of Old World would be improperly punishing him for exercising his Fifth Amendment right not to testify about the identity, location, value and source of any of Old World's assets.  Old World then asserts that Joel Steinger was the only person that it could designate as its corporate representative for deposition, as he was the only person who had knowledge of the relevant facts.  Old World then states that since its decision to designate Steinger as its corporate representative for deposition was not the result of a willful or deliberate design to disobey the Court's order, it should not be subject to sanctions for so doing.  Old World then asserts that if it must appoint an agent as its corporate representative, the agent's role will be limited to discussing the documents already produced by Old World, based on knowledge obtained from someone who will not assert his Fifth Amendment privilege, and that person will not be Joel Steinger.  In conclusion, Old

4

World asks that the Court impose the least onerous sanctions and order it to attempt to find an independent agent who may serve as corporate representative for the purpose of discussing the documents already produced, but who may not receive privileged information from Joel Steinger (DE # 1998).

In reply, the Receiver states that Old World did not comply with the Court's November 19, 2007 Order by designating Joel Steinger, whom it knew would not answer questions, as its corporate representative.  The Receiver states that since Old World does not have and cannot assert a Fifth Amendment privilege, Old World is required to designate a corporate representative to answer questions, even if Old World must hire someone to do so.  The Receiver asserts that Old World is required to designate someone who is provided with sufficient knowledge to testify knowledgeably on the topics listed in the August 2007 subpoena.  The Receiver argues that Old World should not be allowed to avoid sanctions by retaining someone now, since Old World's delaying tactics have already necessitated expense by the Receiver.  The Receiver also asserts that Joel Steinger should be sanctioned pursuant to Rule 37(b)(2) as an officer of Old World who failed to obey an order to provide discovery (DE # 2004).

   III.  <u>Analysis</u>

   A.  <u>Old World Must Provide and Prepare a Corporate Representative for a
   Rule 30(b)(6) Deposition</u>

It is undisputed that Old World, as a corporation, does not have a Fifth Amendment privilege against self-incrimination, and, so must provide a corporate representative for a deposition.  It is also undisputed that Defendant Joel Steinger is the only officer and director of Old World and that Steinger has a Fifth Amendment privilege against self-incrimination, and, so, cannot be compelled to testify as Old World's

corporate representative at a Rule 30(b)(6) deposition.  This is not an uncommon

situation.  In *City of Chicago, Ill. v. Wolf*, 1993 WL 177020 (N.D. Ill. May 21, 1993), the

plaintiffs subpoenaed two non-party corporations to produce documents and to produce

corporate representatives for deposition, pursuant to Rule 30(b)(6).  The corporations

produced the requested documents, but did not produce a corporate representative for

deposition on the ground that there was no knowledgeable witness who would not

invoke his Fifth Amendment privilege.  The Court noted that corporations do not have a

Fifth Amendment privilege and can be compelled to answer questions through an agent

who will not invoke the Fifth Amendment, even if this means that the corporations must

retain a person not previously associated with the corporation so that person can

answer the questions.  If the retained corporate representative has limited or no

knowledge, he must be provided with sufficient knowledge so that he can determine

from the corporate documents information such as the ownership of the corporation, the

corporate assets, and other information that a knowledgeable person ordinarily could

glean from corporate records.  The Court noted that any persons at the corporation who

had an individual Fifth Amendment privilege were not required to provide information to

the corporate representative that was solely contained in the privileged person's

memory and was not implied by a document.  This would ensure that the persons

asserting a Fifth Amendment privilege would not be compelled to provide protected

testimony to the corporate representative and indirectly testify. *Id.* at 1-2.

The undersigned finds that *Wolf* provides the best procedure to follow here.

Therefore, on or before February 29, 2008, Old World must designate a corporate

representative for the noticed Rule 30(b)(6) deposition who has knowledge of the

corporate documents of Old World and who will not invoke any Fifth Amendment

**6**

privilege.  If there is no person presently associated with Old World with sufficient knowledge, Old World must retain a person not previously associated with the corporation so that person can answer the questions.  If the retained corporate representative has limited or no knowledge, Old World must provide him with sufficient knowledge so that he can determine from the corporate documents the information required by the subpoena, as well as other information that a knowledgeable person ordinarily could glean from corporate records.  Defendant Joel Steinger is not required to provide information to the corporate representative that is solely contained in Joel Steinger's memory and which is not implied by a document.  This will ensure that Joel Steinger is not be compelled to provide protected testimony to the corporate representative and, thus, testify indirectly.

> **B.  The Motion For Rule 37(b)(2) Sanctions Against Old World Is Granted**

The District Court's November 19, 2007 Order required Old World to produce a corporate representative for deposition and to produce responsive documents by November 26, 2007, and noted that a corporation could not assert a Fifth Amendment privilege.  The Order also stated that failure to comply with the order would result in Rule 37 sanctions.  Old World apparently provided documents by the date ordered. However, Old World did not produce a corporate representative for deposition by November 26, 2007 as ordered, but instead designated as its corporate representative Joel Steinger, who asserted his Fifth Amendment privilege and did not answer any questions.  Rule 37(b)(2) states that a party that fails to obey an order compelling the discovery shall pay the reasonable attorney's fees caused by the failure.  The undersigned finds reasonable the $1,200.00 in attorney's fees requested as a sanction by Plaintiff.  Therefore, on or before February 11, 2008, Old World Development, Inc. shall

pay the sum of $1,200.00 to Plaintiff as a Rule 37(b)(2) sanction.

    C.  **The Motion For An Order To Show Cause Why Old World and Joel Steinger Should Not be Held In Contempt of Court Is Denied Without Prejudice**

       The Receiver's motion for an order to show cause why Old World and Joel Steinger should not be held in civil contempt, pursuant to Rule 37(b)(1), is denied without prejudice.  The Receiver may renew the motion if Old World does not produce a prepared corporate representative for deposition pursuant to this Order.

    D.  **The Motion To Sanction Joel Steinger Pursuant to Rule 37 (b)(2) Is Denied**

       The Receiver's motion to sanction Joel Steinger pursuant to Rule 37(b)(2) is denied.  It is undisputed that Joel Steinger has the right to invoke his Fifth Amendment right against self-incrimination.  Thus, it is unclear why he should be sanctioned pursuant to Rule 37(b)(2) for properly invoking his Fifth Amendment privilege.  *See In re Anthracite Coal Antitrust Litigation*, 82 F.R.D. 364, 368 (M.D. Pa. 1979).  Moreover, the Receiver has not provided any authority which supports imposing Rule 37(b)(2) sanctions against Joel Steinger.

       Therefore, for the reasons stated above, it is hereby

       **ORDERED AND ADJUDGED** that the Receiver's Motion 1) For Sanctions For Failure To Comply With Court's Order Granting Motion To Compel Production of Rule 30(b)(6) Witness; and 2) For Order To Show Cause Why Defendant Joel Steinger and Old World Development, Inc. Should Not Be Held In Contempt of Court (DE # 1994), is **GRANTED in part and DENIED in part** as follows:

       1.  On or before February 29, 2008, Old World Development, Inc. shall procure and prepare a corporate representative to appear for Rule 30(b)(6) deposition pursuant to the

August 28, 2007 notice of deposition served by the Receiver.

     2.  The motion to sanction Old World Development, Inc. pursuant to Rule 37(b)(2) is **GRANTED**.  On or before February 11, 2008, Old World Development, Inc. shall pay the sum of $1,200.00 to Plaintiff.

     3.  The motion to sanction Joel Steinger pursuant to Rule 37(b)(2) is **DENIED**.

     4.  The motion for an order to show cause why Joel Steinger and Old World Development, Inc.  should not be held in contempt of court pursuant to Rule 37(b)(1) is **DENIED without prejudice to renew after the deposition of Old World's corporate representative**.

     **DONE AND ORDERED** in chambers in Miami, Florida on January 28, 2008.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies to :
The Honorable Federico A. Moreno,
   Chief United States District Judge
All counsel of record