UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  04-60573-CIV-MORENO**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

MUTUAL BENEFITS CORP., *et al.*,

    Defendants,

VIATICAL BENEFACTORS, LLC, *et al.*,

    Relief Defendants.
_____/

## ORDER GRANTING RECEIVER'S MOTION TO APPROVE ENGAGEMENT OF LIFE SETTLEMENT INSIGHTS, LLC TO CONDUCT AUCTIONS

On March 25, 2008, Roberto Martínez, court-appointed receiver ("Receiver") of Mutual Benefits Corp. ("MBC"), Viatical Benefactors, LLC ("VBLLC"), Viatical Services, Inc. ("VSI"), and Anthony Livoti, Jr. and Anthony Livoti, Jr., P.A., solely in their capacity as trustee (collectively the "Receivership Entities"), filed his Receiver's Motion to Approve Engagement of Life Settlement Insights, LLC to Conduct Auctions of Fractional Interests in "Undersubscribed Keep Policies" and to Approve Proposed Method of Sale (D.E. No. 2046) (the "Motion").  The Motion requests that the Court:

    (1)    Approve the proposed method of sale of Fractional Interests as described in the Motion,[1] including, but not limited to, the Notice attached to the Motion as Exhibit "A", and authorize the Receiver to consummate the sale of such Fractional Interests pursuant thereto without

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the meanings given to them in the Motion.

further notice or Court order;

(2) Approve the Receiver's proposed engagement of LSI as its agent to conduct auctions of Fractional Interests on the Receiver's behalf pursuant to the terms and conditions of the Engagement Agreement as amended attached to the Motion as Exhibit "C" as further extended by agreement of the parties as described in paragraph 15 of the Motion, and to allow the Receiver to compensate LSI in accordance with the terms of the Agreement without further order of the Court; and

(3) Stay any actions against LSI by any party to this case or any third party with respect to the sale of Fractional Interests pursuant to this Court's order authorizing such sales, as such actions would interfere with the Receiver's administration of the Receivership estate, the engagement of LSI as agent to assist with the sale of Fractional Interests being necessary and proper to such administration.

The Court has considered the Motion, the attachments thereto (including the proposed Notice to be provided to prospective purchasers attached thereto as Exhibit "A", the proposed Asset Purchase Agreement for such sales attached thereto as Exhibit "B", and the Engagement Agreement with LSI attached thereto as Exhibit "C"), the record in this case, including the Court's prior September 26, 2007 Order Granting Receiver's Emergency Motion to Authorize Dispositions of "Undersubscribed Keep Policies, (DE#1964), which confirmed and ratified the Receiver's authority to dispose of Undersubscribed Keep Policies or Fractional Interests through an auction process or otherwise, and relevant authorities, and being duly advised finds good cause to grant the relief requested. Therefore, it is

**ORDERED** as follows:

1. The Receiver's Motion is **GRANTED**.

2. The process for offering Fractional Interests for sale shall be conducted consistent with the proposed procedures set forth in the Motion.

3. The proposed Notice to prospective purchasers attached as Exhibit "A" to the Motion is approved, and the Receiver is authorized to consummate the sale of such Fractional Interests pursuant to the procedures set forth in the Motion and Notice without further notice or Court order.

4. The engagement of LSI as the Receiver's agent for conducting auctions of Fractional Interests, pursuant to the terms and conditions of Engagement Agreement as amended attached as Exhibit "C" to the Motion, and as further extended by agreement of the parties as described in Paragraph 15 of the Motion, is approved. The fees payable to LSI pursuant to the Engagement Agreement shall be payable as a component of the prospective purchaser's bid, and accordingly will not be deducted from proceeds otherwise necessary to pay the "shortfall" amount with respect to the policies in which interests are being sold, and shall be payable only upon the Receiver's receipt of the sale proceeds for the Policy or Fractional Interest. Such fees may be paid to LSI in accordance with the terms of the Engagement Agreement without further order of the Court.

5. The Court hereby stays any actions against LSI by any party to this case or any third party with respect to the sale of Fractional Interests conducted pursuant to and in accordance with this Order, as such would interfere with the Receiver's administration of the Receivership estate, the engagement of LSI as agent to assist with the sale of Fractional Interests being necessary and proper to such administration.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record