UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60573 CIV-MORENO

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

MUTUAL BENEFITS CORP., et al.,

        Defendants,

VIATICAL BENEFACTORS, LLC, et al.,

        Relief Defendants.

_____/

ORDER GRANTING RECEIVER'S MOTION TO APPROVE
AUCTION SALES OF POLICIES

On December 10, 2008, Roberto Martinez, court-appointed receiver ("Receiver") of Mutual Benefits Corp. ("MBC"), Viatical Benefactors, LLC ("VBLLC"), Viatical Services, Inc. ("VSI"), and Anthony Livoti, Jr. and Anthony Livoti, Jr., P.A., solely in their capacity as trustee (collectively the "Receivership Entities"), filed a motion (the "Auction Sale Motion") requesting this Court to approve the proposed sales of certain insurance policies or fractional interests therein (the "Auction Policies") and all related rights, including beneficial interests, free and clear of all liens, claims, interests and encumbrances.

This Court has considered the Auction Sale Motion, the representations of the Receiver therein, the record in these cases, and relevant authorities, and being duly advised, makes the following findings and conclusions:

        A.     Simultaneously with the filing of the Auction Sale Motion, the Receiver served a *Notice to Investors & Providers of Proposed Sale of Policies* upon all investors who held interests in the Auction Policies and to the Providers that issued the Policies. The Court finds

that due and adequate notice of the sale of the Auction Policies on the terms set forth in the Auction Sale Motion has been provided to all interested parties. and that no further notice or opportunity to object is required.

B.      The Court finds that: (i) the sale of the Policies on the terms set forth in the Auction Sale Motion is in the best interest of the Receivership Entities, the creditors thereof, the investors in the Receivership Entities, and the beneficiaries of the Policy and other acquired assets (the "Acquired Assets") and all other persons and entities with an interest in the Receivership Proceeding; (ii) the sale procedures were designed to obtain the highest and best offer for the sale of the Acquired Assets, and the sale to the respective buyer of each of the Policies as set forth in the Auction Sale Motion constitutes the highest and best offer for the Acquired Assets; (iii) the consideration being provided for the Acquired Assets, and the terms of the proposed sales, are fair and reasonable. constitute the highest and best offers for the Acquired Assets, and constitute reasonably equivalent value for the Acquired Assets, and (iv) accordingly that the sale of the Acquired Assets to the respective buyers pursuant to the Auction Sale Motion should be authorized and approved.

C.      This Court further finds that each of the buyers has at all times acted without collusion and in good faith in bidding on, and negotiating the purchase of, the Acquired Assets and is a good faith purchaser of the Acquired Assets and is entitled to all of the protections under law accorded to a party with such status.  The terms of purchase were negotiated, proposed and entered into by the Receiver and each buyer without collusion and in good faith, and are the end result of arms' length.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.     The Receiver has the sole and absolute authority, on behalf of the Receivership Entities, to convey all claims, options, privileges, right, title and interest in, to and under the Policy and other Acquired Assets.

2.     The sale of the Acquired Assets to each of the buyers as identified in the Auction Sale Motion is approved, and the Receiver is authorized to consummate all of the transactions contemplated thereby.   Without limiting the generality of the foregoing, the Receiver is authorized to (i) execute and deliver, and is empowered to perform under, consummate and implement, the Purchase Agreements and any additional instruments or agreements or documents that may be reasonably necessary or desirable to implement the Purchase Agreements, (ii) take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer and its assigns and designees, or reducing to possession, the Acquired Assets, and (iii) timely comply with all of its obligations under the Purchase Agreements and any such additional instruments, agreements or documents.  Any objection to such sale which has not been withdrawn is hereby overruled on its merits.

3.     Each of the Buyers has acted in good faith and is a good faith purchaser of the Acquired Assets.

4.     The consideration for the Acquired Assets provided by each of the Buyers constitutes reasonably equivalent value and fair consideration under the laws of the United States, both state and federal.

5.     The transfer of the Acquired Assets will be a legal, valid and effective transfer of the Policies and other Acquired Assets and will vest'each Buyer or its assignee or designee, if applicable, with good and valid title and all right, title and interest in and to the Acquired Assets.

3

At the Closing, each Buyer or its assignee or designee, if applicable, will be vested with all claims, options, privileges, right, title and interest in, to and under the Acquired Assets, free and clear of all Encumbrances (as defined in the Purchase Agreement). Any person, including, without limitation, any creditor of or investor in the Receivership Entities, any beneficial interest holder or other holder of a Policy and any insurance company or other entity which issued or is obligated under a Policy and the successors and assigns of any of the foregoing, asserting or having an Encumbrance of any kind or nature against or in any Receivership Entity or the Acquired Assets arising out of, in connection with, or in any way relating to the Receivership Entities, the Policies or other Acquired Assets, or the transfer thereof to each Buyer and its successors and assigns, shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Encumbrance against each Buyer and its successors and assigns or any subsequent owner of the Acquired Assets.

6.     This Sale Order shall be binding in all respects upon all creditors of the Receivership Entities, any investor in the Receivership Entities, any beneficial interest holder or other interest holder of the Policies, any insurance company or other entity which issued or is obligated under the Policies, and any other party in interest in the Receivership Proceeding and any of the successors or assigns of the foregoing.

7.     The Purchase Agreements and any related agreement, document or other instrument may be modified, amended or supplemented by parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further notice or order of this Court, provided that any such modification, amendment or supplement does not constitute a material modification of the Purchase Agreements.

8.     The sale of the Policies and other Acquired Assets is not precluded by or contrary to any prior order issued by this Court and no further consents by any person (including any governmental authority) are required to convey the Policies and other Acquired Assets to each Buyer or to an assignee or designee thereof, if applicable, in accordance with the Auction Sale Motion.

9.     This Court retains jurisdiction to enforce and implement the terms of the Purchase Agreements, including to resolve any disputes arising under any Purchase Agreements, and to interpret, implement, and enforce the provisions of this Sale Order.

10.     This Sale Order constitutes an interlocutory or a final judgment in a receivership action and thus this Sale Order shall become effective immediately upon its entry as provided in Rule 62(a) of the Federal Rules of Civil Procedure.

11.     The provisions of this Sale Order are non-severable and mutually dependent.

ORDERED in the Southern District of Florida this _5th_ day of ~~December~~ January, 2009.

HON. FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record