# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 04-60573-CIV-MORENO/TORRES

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

MUTUAL BENEFITS CORPORATION,
JOEL STEINGER a/k/a "Joel Steiner,"
LESLIE STEINGER a/k/a "Leslie Steiner,"
PETER LOMBARDI and STEVEN K. STEINER,
a/k/a "Steven Steinger,"

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court upon the Motion filed by Roberto Mart nez, as court-appointed Receiver (the "Receiver") for Mutual Benefits Corporation, Viatical Benefactors, LLC, Viatical Services, Inc., and Anthony Livoti, Jr. and Anthony Livoti, Jr., P.A. solely in their capacity as Trustee, for Entry of Final Judgment Against Garnishee Weitz & Schwartz, P.A. on the Writ of Garnishment served upon Weitz & Schwartz regarding funds belonging to Steven Steiner [D.E. 2419]. The motion was referred to the undersigned for disposition. [D.E. 2425]. For the following reasons, the motion should be Granted.

      1.      On April 10, 2007, this Court entered a Final Judgment of Permanent Injunction and Other Relief as to Defendant Steven K. Steiner and Relief Defendants Camden Consulting, Inc. and SKS Consulting, Inc. [D.E. 1872]. Pursuant to the Final

Judgment, Steven K. Steiner, SKS and Camden were required to pay a total of $3,925,000.00 in disgorgement and pre-judgment interest.

2.  Steiner paid the first installment of $750,000 as required by the Final Judgment. The Final Judgment was entered on April 10, 2007, so the second installment was due no later than April 10, 2008. That date came and went, but Steiner did not voluntarily pay any portion of the amount that remained due.

3.  It is undisputed that Steiner presently owes $3,124,660.50 plus post-judgment interest running from April 10, 2007.

4.  The Receiver's counsel conducted a deposition in aid of execution of Steven Steiner and learned that, on September 11, 2008, Steiner executed a mortgage in favor of Janis Dorony and Mark Sand, Co-Trustees of the Janis Dorony Revocable Trust Agreement dated October 24, 2007, in connection with which Steiner placed $116,500 in escrow with Weitz & Schwartz to pre-pay two years of the mortgage. A balance remains in that escrow account, and those funds are the property of Steiner.

5.  On March 15, 2010, a Writ of Garnishment [D.E. 2392] was issued to Weitz & Schwartz, P.A. On April 2, 2010, Weitz & Schwartz served its Answer [D.E. 2409] to the Writ of Garnishment in which it indicated that it was in possession of $33,979.11 belonging to Steiner.

6.  Pursuant to Florida Statutes § 77.05, the Receiver, on April 5, 2010, provided Notice to Steiner of the Answer and advised Steiner of the requirement that he move to dissolve the Writ of Garnishment within 20 days if any allegation in the motion for issuance of the Writ of Garnishment was claimed to be untrue. [D.E. 2404]. The Receiver also served such Notice on April 5, 2010 to Janis Dorony and Mark Sand,

Co-Trustees of the Janis Dorony Revocable Trust Agreement dated October 24, 2007, who were identified in the Answer as potentially having an interest in the garnished funds. [D.E. 2403].

7. Over 20 days elapsed, and neither Steiner nor any other person moved to dissolve the Writ of Garnishment or otherwise contested the Receiver's entitlement to levy upon the funds held by Weitz & Schwartz in partial satisfaction of the unpaid Final Judgment against Steiner.

8. Accordingly, the Receiver moved for entry of final judgment in Garnishment against Weitz & Schwartz pursuant to Florida Statutes § 77.083, which judgment would direct the funds to be turned over to the Receiver by the garnishee.

9. Moreover, a timely response in opposition to the pending motion for entry of final judgment was not filed, by Steiner or anyone else, despite the passage of additional time since the motion was filed. Accordingly, the motion is ripe for disposition and due to be granted by default under S.D. Fla. Local R. 7.1. And apart from that Rule, the record shows that the Receiver has established a factual and legal basis for entry of the proposed final judgment attached to the motion.

10. Pursuant to Local Magistrate Rule 4(b), the parties may serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847

F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).  In light of the need to expedite matters as no timely response has been filed to date on the pending motion, the Court finds good cause to expedite the response period.  *Any objection to this Report and Recommendation must be filed of record no later than August 23, 2010.*

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 17th day of August, 2010.

                                                                                                  EDWIN G. TORRES  
                                                                                 United States Magistrate Judge