UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 04-60573-CIV-MORENO

SECURITIES AND EXCHANGE
COMMISSION et al.,

    Plaintiff,

vs.

MUTUAL BENEFITS CORP. et al.,

    Defendants.
_____/

## ORDER DENYING MOTION BY ACHERON CAPITAL, LTD. PURSUANT TO FRCP 60(b)(1) FOR LIMITED RELIEF FROM ORDER GRANTING RECEIVER'S MOTION FOR AUTHORIZATION TO MAKE FINAL DISTRIBUTION AND FOR DISCHARGE OF RECEIVER

THIS CAUSE came before the Court upon Motion by Acheron Capital, Ltd. Pursuant to FRCP 60(b)(1) for Limited Relief from Order Granting Receiver's Motion for Authorization to Make Final Distribution and for Discharge of Receiver (D.E. 2517) **(D.E. 2519)**, filed on **November 2, 2018**.

THE COURT has considered the motion, the responses in opposition, the reply, the pertinent portions of the record, and is otherwise fully advised in the premises.

### I.    Background

This case originates out of a massive fraud by which over 30,000 investors were induced through misrepresentations into investing in viaticated insurance policies owned by Mutual Benefits Corporation. In May 2004, the Securities and Exchange Commission commenced an action against Mutual Benefits Corporation, and Roberto Martinez was appointed as Receiver ("Receiver"). During the administration of the receivership, the Court gave investors a choice

between maintaining their interests in the Mutual Benefits Corporation policies and paying their share of the premiums and administrative fees associated with such interests, or authorizing the Receiver to sell the policy in which they invested and receiving a pro rata share of sale proceeds. Through the process, over 3,000 policies were designated to be kept ("Keep Policies"). The Court also approved a claims process and a distribution process by which the proceeds of the liquidation of the Mutual Benefits Corporation assets, and recoveries realized by the Receiver, were distributed to the holders of allowed claims (including both Keep Policy Investors and investors who directed their policies be sold).

As part of the wind-up of the Receivership, and through prior orders, this Court authorized the formation of the Trust, the appointment of the Trustee, Barry Mukamal, and the transfer of the Keep Policies originally held by Mutual Benefits Corporation, and then the Receiver, on behalf of several thousand defrauded investors, into the Trust. The purpose of the Trust is to administer Trust Assets (i.e., the Policies, the Policy Files, and the Trust Cash) for the benefit of the Keep Policy Investors. As part of the administration of the Trust, the Trustee has periodically sold interests in Policies owned by the Trust when the Keep Policy Investors in such policies failed to pay their pro rata share of the premiums and/or administrative fees associated with such interests ("Forfeited Interests").

The movant, Acheron Capital, Ltd., in its capacity as the investment manager for Acheron Portfolio Trust, Avernus Portfolio Trust, Lorenzo Tonti 2006 Trust and STYX Portfolio Trust (collectively, "Acheron"), has been a purchaser of Forfeited Interests for years, first from the Receiver and subsequently from the Trust. By its own estimation, Acheron has acquired approximately 60% of the face policy value of all the Keep Policies held in the Trust. In March 2015, Acheron and the Trustee entered into an agreement, which was approved by this Court

2

("Acheron Agreement"). The Acheron Agreement provides, in pertinent part, that:

> "[T]he Trustee will not grant or otherwise offer to any other investors in Keep Policies, including Keep Policy Investors, any rights, disbursements, rebates, benefits, credits (through an Administrative Fee Credit or otherwise) or any other distribution of the Overpayment Balance or other consideration, that the Trustee does not grant or offer to Acheron with respect to its interests in Keep Policies on the same terms, whether as part of the existing Servicing Agreement, the Renewal Agreement, or through the Trustee's administration of the Trust;"

and

> "Any rights, distributions, rebates, benefits, credits, Overpayment Balance distribution or other consideration given by the Trustee to the holders of interests in Keep Policies shall be allocated to the holders of such interests in a manner that is fair and equitable to both Acheron and the other holders of interests in Keep Policies, which may, under the circumstances, be based upon the relative face value held by Acheron in the interests controlled by the Trustee, or may be based upon the number of fractional interests or policies held."

(D.E. 2501, § 2.)

On August 30, 2018, the Receiver filed a Motion for Authorization to Make Final Distribution and for Discharge of Receiver (D.E. 2516), asking the Court to, among other things, distribute more than $2 million in funds to the Trustee for use as a credit against the Trust's administrative fees for the benefit of the original, victim investors of the Mutual Benefits Corporation fraud for the next two years. Notably, the Receiver's motion specifically stated that the "fee holiday" would not apply to Acheron "because Acheron is not one of the original ... victim investors." The undersigned granted the motion on September 21, 2018 ("Final Distribution Order"). (D.E. 2517.)

On November 2, 2018, Acheron filed the instant motion seeking relief from the Final Distribution Order, asking the Court to require the Trustee to use the $2 million credit for the

3

benefit of all Keep Policy investors, including Acheron, in accordance with the Acheron Agreement. Both the Receiver and the Trustee filed responses in opposition to Acheron's motion, arguing generally that Acheron is not entitled to share in the criminal restitution funds, or benefits derived therefrom, because it is not a victim of the Mutual Benefits Corporation fraud. For the reasons stated below, Acheron's motion to amend the Court's order is DENIED.

II. Analysis

Acheron argues that the Court should alter or amend the Final Distribution Order because it is in conflict with the Acheron Agreement, which states that "the Trustee will not grant or otherwise offer to any other investors in Keep Policies, including Keep Policy Investors, any rights, disbursements, rebates, benefits, credits (through an Administrative Fee Credit or otherwise) ... that the Trustee does not grant or offer to Acheron with respect to its interests in Keep Policies on the same terms..." As such, Acheron contends that the Final Distribution Order's explicit exclusion of Acheron from the administrative "fee holiday" is a violation of the Agreement. However, both the Receiver and the Trustee make two arguments in response: (1) that Acheron is not a victim of the Mutual Benefits Corporation scheme and thus not entitled to share in criminal restitution funds and (2) the Acheron Agreement is between Acheron and the *Trustee*, and it was the *Receiver's* decision to earmark restitution funds to be used for the benefit of the victims of the fraud and thus the Agreement is neither relevant nor violated.

As to the first point, Acheron agrees—as does this Court—with the Trustee and Receiver that Acheron is not entitled to share in the $2 million restitution credit because it is not a victim of the Mutual Benefits Corporation fraud. As to the second point, Acheron argues that the Trustee's and Receiver's attempts to distinguish between which one of them directed the distribution of funds is "[a]t best. . .disingenuous. . .[a]t worst . . . the predicate for a tortious

4

interference claim."[1] More specifically, Acheron alleges that the Trustee's obligations to abide by the Acheron Agreement are not excused just because the Trustee is acting at the direction of the Receiver. Put differently, the distinction between whether the Trustee or the Receiver actually decided how the funds would be used is irrelevant, given that the Trustee is responsible for the administration of the funds thus bringing the Trustee's use of the funds under the purview of the Acheron Agreement. Moreover, Acheron suggests that there were alternative means of efficiently administering the $2 million credit that did not involve asking the Trustee to do so. For example, the Receiver could have administered it himself. The Court disagrees.

The Acheron Agreement is between the Trust and Acheron, and applies to rights or benefits given or granted *by the Trustee*. "*The Trustee will not grant or otherwise offer* to any other investors in Keep Policies, including Keep Policy Investors, any rights disbursements, rebates, benefits, credits (through Administrative Fee Credit or otherwise) . . . or other consideration, *that the Trustee does not grant or offer to Acheron with respect to its interests in Keep Policies on the same terms* . . ." (emphasis added). The Trustee's responsibility is to administer Trust assets. The Restitution Funds are not Trust assets, and the Final Distribution Order clearly states that the funds are not to become Trust assets. Most importantly, the decision and direction for how the Restitution Funds should be administered was made by the *Receiver*, not the Trustee. Although Acheron submits that whether it was the Trustee's decision or the Receiver's decision is, in practice, a distinction without a difference, it is in fact a meaningful difference on which the outcome of this motion turns. It was the Receiver's decision to earmark the funds for the benefit of the original victims of the Mutual Benefits Corporation fraud, and it is at the Receiver's direction that the Trustee, who is already responsible for supervising the

---

[1] Acheron ultimately did file an Intervenor Complaint (D.E. 2526) against the Trustee, alleging breach of contract, breach of implied duty of good faith and fair dealing, and breach of fiduciary duty. The Court subsequently dismissed the Intervenor Complaint without prejudice, directing Acheron to file the Complaint in a separate case.

5

policy administration and billing process, is charged with using the $2 million credit to provide the original victim investors a "fee holiday." Therefore, because the Acheron Agreement governs only the actions taken by the Trustee, and not the Receiver, there is no conflict with the Final Distribution Order and/or its specific exclusion of Acheron from use of the restitution funds.

### III. Conclusion

The Court denies Acheron's motion for limited relief from its prior Order granting the Receiver's motion for authorization to make the final distribution and to discharge him.

DONE AND ORDERED in Chambers at Miami, Florida, this ___17___ of December 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
Tel: (617) 621-6500
Steven Schreckinger, Esq.
sschreckinger@andersonkreiger.com

SHUTTS & BOWEN LLP
Larry I. Glick
lglick@shutts.com
Miranda Lundeen Soto, Esq.
mlundeensoto@shutts.com
200 South Biscayne Boulevard
Suite 4100
Miami, FL 33131
Tel: (305) 358-6300