UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60573-CIV-MORENO/STRAUSS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MUTUAL BENEFITS CORP., *et al.*,

    Defendants.
_____/

## ORDER DENYING ACHERON CAPITAL, LTD.'S *CORRECTED* MOTION FOR LEAVE TO FILE LIMITED POLICY SERVICES AGREEMENT UNDER SEAL

**THIS CAUSE** is before the Court upon Acheron Capital, Ltd.'s *Corrected* Motion for Leave to File Limited Policy Services Agreement [(the "LPSA")] Under Seal ("Motion") (DE 2689).[1]  This matter has been referred to the undersigned by the District Court pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the United States District Court for the Southern District of Florida.  (DE 2631).  Pursuant to the Referral, the Court held a status conference on June 10, 2020 ("Status Conference"), attended by Litai Assets LLC ("Litai"), Barry Mukamal, as Trustee (the "Trustee") of the Mutual Benefits Keep Policy Trust (the "Trust"), Acheron Capital, Ltd., in its capacity as the investment manager for Acheron Portfolio Trust, Avernus Portfolio Trust, Lorenzo Tonti 2006 Trust and STYX Portfolio Trust, (collectively, "Acheron"), and their respective counsel to address several pending motions in this case.  Just prior to the Status Conference, on June 5, 2020, Acheron requested leave to file certain agreements ("Agreements")

---

[1] Acheron's Motion states that it corrects a prior motion to seal (DE 2688).  (DE 2689 at n. 1).

under seal,[2] which it claimed that counsel for the Trustee delivered to it on June 4, 2020. (DE 2661). Acheron professed belief that the Agreements were relevant to the Status Conference but did not explain how they were relevant; the Court denied the motion to file under seal on June 7, 2020. (DE 2664).

On June 24, 2020, Acheron filed the instant Motion explaining that it relates to its motion (DE 2687) filed on June 23, 2020 to void or suspend the LPSA. (DE 2689 at n. 1). Acheron also stated that counsel for the Trust advised that the LPSA is subject to the terms of a confidentiality agreement, *which Acheron executed* pursuant to its prior due diligence efforts relating to the possible retention of Q Capital as a primary servicer for the Trust (DE 2689 at ¶ 2).

Finding the mere existence of a confidentiality agreement between the parties insufficient to justify the filing of the LPSA under seal, the Court issued an Order to Show Cause requiring the Trustee to explain with specificity why there is good cause for filing the LPSA under seal, including what harms are avoided by so doing, and whether there was a less onerous alternative. (DE 2697).

The Trustee's response ("Response") to the Order to Show Cause states that, with the authorization of Q Capital, the LPSA may be filed with the Court notwithstanding the confidentiality agreement *between the Trustee and Q Capital*, provided that certain confidential and sensitive business information is redacted. (DE 2700 at 1). Additionally, the Response attaches a redacted copy of the LPSA explaining that disclosure of the redacted information would be harmful to the business interests of non-party Q Capital if made available to the public and to Q Capital's competitors. (DE 2700 at 1; DE 2700-1).

---

[2] The Agreements referenced in Acheron's June 5, 2020 motion were: a) the LPSA between the Trust and Q Capital Strategies, LLC ("Q Capital"), effective September 23, 2019; and b) LPSA Exhibit B, Mutual Confidentiality and Compliance Agreement between the Trust and Q Capital, effective as September 23, 2019. (DE 2661 at 1-2).

Acheron's reply ("Reply") to the Order to Show Cause explains that Acheron believed, when filing its Motion (DE 2689), that the confidentiality agreement at issue was one that it signed rather than a confidentiality agreement between the Trustee and Q Capital. (DE 2703 at 1-2). Even so, based upon its own review of the unredacted LPSA,[3] Acheron disagrees that the Trustee's redactions relate to confidential and sensitive business information that would be harmful to the business interests of Q Capital if disclosed. Specifically, Acheron objects to redaction of:

(a) provisions relating to material breaches under the agreement (§ 6.2(a));
(b) termination of the agreement (§ 6.3);
(c) the entire Article on indemnification and limitation of liability (Art. 7); and
(d) Q Capital's obligations with respect to third party information (§ 8.12).

(DE 2703 at 2-3). Acheron also objects to redaction of sections that address Q Capital's compensation (§ 2.3) and expenses (§ 2.5) asserting that this information "do[es] not rise to the level of 'confidential and sensitive business information.'" *Id.* at 3.

"A motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation and internal quotation marks omitted). This right of access may be overcome by a showing of good cause. *Id.* Courts consider various factors to balance the right of access against a party's interest in keeping information confidential including: (a) the nature and character of the subject information; (b) the harm caused by disclosure; and (c) the availability of a less onerous alternative to sealing. *Id.*

Here, the Trustee fails to show good cause for not filing with the Court an unredacted copy of the LPSA. The information, which the Trustee seeks to shield from disclosure, relates to a vendor contract with the Trust. The Trust was formed with Court approval for the purpose of

---

[3] According to Acheron, the unredacted LPSA it received did not include Exhibits A and C, which are included in the redacted version (DE 2700-1) that the Trustee filed with the Court. (DE 2703 at n. 5).

maintaining and servicing receivership assets for the victims of a fraud.  (DE 2266 at 1-9).  The original servicing agreement and all renewal agreements pertaining to the servicing of the assets held by the Trust have been filed with the Court, typically for the purpose of Court approval *before* the agreements were executed.  The Trustee did not seek Court approval of the LPSA prior to executing it, and the Trustee's Response does not assert that it did.  (DE 2700).  Acheron's Reply alleges that, while the Court approved the Trustee obtaining life expectancy reports (DE 2539; DE 2576), the LPSA "extends far beyond life expectancy reports into primary servicing."[4]  (DE 2703 at 3).  Given that the nature and character of the information the Trustee seeks to protect from disclosure pertains to services involving former assets of a receivership held by a Trust that is subject to Court oversight, the Court concludes that there is a compelling reason for full disclosure of the agreement governing those services.  Thus, the Court finds that the Trustee's obligation to be transparent with significant contracts that concern the administration of assets held by the Trust, including the LPSA, supersedes the privacy interests at issue.  Accordingly, it is

**ORDERED AND ADJUDGED** that

1. Acheron's Motion (DE 2689) is **DENIED**;

2. Acheron's prior motion (DE 2688) is **DENIED AS MOOT**.

3. The Trustee shall file a full and unredacted copy of the LPSA by July 8, 2020.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of July 2020.

Jared M. Strauss
United States Magistrate Judge

Copies furnished to counsel via CM/ECF

---

[4] The Court does not presently opine on the scope of the LPSA.