UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

**Case Number: 04-60573-CIV-MORENO**

SECURITIES AND EXCHANGE
COMMISSION et al.,

        Plaintiff,

vs.

MUTUAL BENEFITS CORP. et al.,

        Defendants.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING ACHERON'S WIND DOWN MOTION AND GRANTING THE TRUSTEE'S AMENDED MOTION TO AUTHORIZE INITIATION OF TRUST WIND DOWN AND TERMINATION

THE MATTER was referred to the Honorable Jared M. Strauss, United States Magistrate Judge, for a Report and Recommendation on Acheron Capital Ltd.'s Motion for Order Directing (A) the Wind Down and End of the Mutual Benefits Keep Policy Trust and (B) Disbursement of Certain Assets to the Non-Acheron Related Investors in Keep Policies (D.E. 2593) and the Trustee's Amended Motion to Authorize the Initiation of Trust Wind Down and Termination (D.E. 2640). The Magistrate Judge filed a Report and Recommendation **(D.E. 2723)** on **July 27, 2020**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Jared M. Strauss's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Acheron Capital Ltd.'s Motion for Order Directing (A) the Wind Down

and End of the Mutual Benefits Keep Policy Trust and (B) Disbursement of Certain Assets to the Non-Acheron Related Investors in Keep Policies (D.E. 2593) is DENIED without prejudice and the Trustee's Amended Motion to Authorize the Initiation of Trust Wind Down and Termination (D.E. 2640) is GRANTED.

Acheron's Wind Down Motion seeks, *inter alia*, to transfer to Acheron, within 30 days of Court approval of the Trust's termination, title to all Keep Policies subject to the interests of non-Acheron investors in the policies. In exchange, Acheron agrees to pay the future servicing fees for the policies. The Trustee's Amended Wind Down Motion seeks Court approval and confirmation of his authority to initiate a process "that could serve as the basis for wind down and eventual Trust Termination." He seeks confirmation of his authority to communicate with Keep Policy Investors about preparations for Trust termination, to value the Keep Policies in anticipation, if necessary, of their sale, and to seek out as many options as reasonably possible to offer to Keep Policy Investors during the period preceding termination and liquidation of the Trust's assets. The Magistrate Judge correctly concluded for a variety of reasons that Acheron's motion to wind down the Trust should be denied and the Trustee's motion should be granted as consistent with the terms of the Keep Policy Trust.

Acheron's primary objection to the Report and Recommendation is the Magistrate Judge's unwillingness to find that Acheron is a Keep Policy Investor or a qualified beneficiary under the Trust. The Florida Trust Code, § 736.04113, provides that a trustee or a qualified beneficiary may apply to a court to modify an irrevocable trust. Because the Magistrate Judge found that Acheron Capital Ltd. cannot *presently* assert the rights of a qualified beneficiary, he found the Court lacks the authority under the statute to grant Acheron the relief to modify the Trust's termination provision. In its objection, Acheron asserts that there is nothing precluding the Court from finding

that it is a qualified beneficiary under the Keep Policy Trust in the context of this wind down motion. The Court agrees with that statement insofar as the Court is not bound to decide Acheron's status as a Keep Policy Investor in the related case, *Acheron Portfolio Trust v. Mukamal*, Case No. 18-25099-CIV-MORENO. Nevertheless, the Court finds the Magistrate Judge's decision sound in this regard. Even if the Court finds that Acheron is a Keep Policy Investor who can request the Trust's termination under Florida law in this action, the Court lacks the authority to wind down the Trust for other reasons set forth in the Report and Recommendation. Stated differently, deciding whether Acheron is a Keep Policy Investor in the context of these wind down motions would be pointless because that would not change the result here. The Report and Recommendation details the other reasons why granting Acheron's motion would contravene the terms of the Keep Policy Trust.

The Magistrate Judge correctly found that granting Acheron's motion would contravene the language of the Trust instrument. The Trust Agreement governs its termination. § 736.0105(2), Fla. Stat. (recognizing that the terms of the trust instrument control). Here, the Keep Policy Trust section 8 provides that "[the] Trust Agreement shall terminate upon the final disposition of all Keep Policies, whether by maturity, sale, surrender, or lapse, and the distribution of all other Trust Assets in accordance with the terms of the Servicing Agreement." The parties do not dispute that the purpose of the Keep Policy Trust was to administer the policies through maturity, if possible, for the benefit of the Keep Policy Investors until termination is proper. Even though Acheron's proposal attempts to cast itself as a proper "sale" under section 8, the proposal would create a premature termination, at a point in time where the Keep Policy Investors continue to hold valuable interests in the policies. The Trust has "$90 million worth of death benefits on insureds that are over 90 years old." (D.E. 2693 at 161). The Court agrees with the Magistrate Judge's finding that the

proposal is contrary to the provisions governing timing and mechanics of trust termination. Thus, the Court need not decide at this juncture whether Acheron is a Keep Policy Investor and a qualified beneficiary because even if it is statutorily able to request the relief, the relief Acheron seeks is inconsistent with the language of the Trust instrument.

The Magistrate Judge also correctly added that Acheron's request contravenes the purpose of the Keep Policy Trust. *See Featherston v. Tompkins*, 339 So. 2d 306, 307 (Fla. 3d DCA 1976) (stating a court cannot terminate a trust without a determination that the purpose for which the trust was established has been accomplished). To reiterate, the purpose of the Keep Policy Trust was to allow the victims of the fraud an opportunity to realize the face value of the insurance policies in which they invested, upon the maturity of the policies. The Trust, therefore, was created as a vehicle to allow the victims to keep the policies, and Acheron's request would short-circuit that purpose. Even Acheron acknowledged at the Status Conference before the Magistrate Judge that the victims who have been paying premiums for 15-20 years deserve to be paid. This is yet another reason why the Court need not decide Acheron's status as a Keep Policy Investor or a qualified beneficiary in the context of this motion because Acheron's proposal conflicts with the Trust's purpose, precluding the Court from granting it.

Acheron also objects to the Magistrate Judge's position regarding the appointed ombudsman under its wind down proposal. Acheron states in its objection that it always contemplated that the ombudsman would owe a fiduciary duty to the non-Acheron Keep Policy Investors and such duties would be detailed in a Court order. The Magistrate Judge correctly found that the purpose of the Trust was to maintain and administer the Trust Assets for the Keep Policy Investors. The structure proposed in Acheron's wind down motion is misaligned with this purpose. Under Acheron's proposal, the party responsible for administering the Keep Policies would be Acheron itself, which, as the Magistrate Judge noted, would "put [Acheron's] interests ahead of the Keep Policy

4

Investors." *Id.* The appointment of an ombudsman does not make Acheron's request consistent with the purpose of the Keep Policy Trust, which was intended by the Receiver to continue a standard of fiduciary care that the receivership provided to the victims of the fraud. The Court agrees with the Magistrate Judge's concern that even if there is an "ombudsman" with fiduciary obligations, that party is not the one actually responsible for administering the policies. It would be Acheron under Acheron's plan. Therefore, Acheron's proposed "ombudsman" is not an adequate substitute for the current fiduciary structure as set forth in the Trust instrument.

Lastly, Acheron objects to the Report and Recommendation to the extent it addresses the possibility of future sales of whole Keep Policies. As noted by the Magistrate Judge, the March 2015 Agreement (D.E. 2500-2 at § 4) allows the Trustee to sell whole policies if he is liquidating the Trust or selling the entire portfolio of policies. Section 4 provides that "[i]n the event of such a sale, Acheron will have the right to bid upon any sale of a policy in which it has an interest and the right to top any bid submitted by another party." The Court does not find the Magistrate Judge erred in this statement contained in the March 2015 Agreement.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th of November 2020.

*/s/ Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jared M. Strauss

Counsel of Record

Case 0:04-cv-60573-FAM Document 2825 Entered on FLSD Docket 11/16/2020 Page 6 of 6