UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

**Case Number: 04-60573-CIV-MORENO**

SECURITIES AND EXCHANGE
COMMISSION *et al*.,

        Plaintiff,

vs.

MUTUAL BENEFITS CORP. *et al*.,

        Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL LITAI TO PROVIDE THE TRUST WITH ITS DATA

THE MATTER was referred to the Honorable Jared M. Strauss, United States Magistrate Judge, for a Report and Recommendation on Trustee's Motion to Compel Litai to Provide the Trust with its Data, filed on **May 27, 2020**. The Magistrate Judge filed a Report and Recommendation **(D.E. 2830)** on **November 25, 2020** and a Supplemental Report and Recommendation **(D.E. 2871)** filed on **February 22, 2021**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues and notes that the parties have not filed objections to the Magistrate Judge's Supplemental Report and Recommendation, which addresses the issues present in the motion and the objections to the initial Report and Recommendation. Accordingly, it is

**ADJUDGED** that United States Magistrate Judge Jared M. Strauss's Supplemental Report and Recommendation is **AFFIRMED** and **ADOPTED**. Because the Court is adopting the Supplemental Report (D.E. 2871), the recommendations contained in the initial Report and Recommendation (D.E. 2830) are moot. Accordingly, it is

**ADJUDGED** that the Trustee's Motion to Compel Litai to Provide the Trust with its Data is GRANTED in part and DENIED in part. Specifically, it is

**ADJUDGED** that the motion to compel is GRANTED to the extent that the Trustee seeks a declaratory judgment affirming that the Trust owns the Data pertaining to the "Policy Files" that the Receiver transferred to the Trust pursuant to the Transaction Documents (D.E. 2266 at 7) that effectuated the disposition of receivership assets in this case. The Court renders a declaratory judgment as follows:

i. On April 3, 2009, the Court entered its Order Granting Receiver's Motion for Entry of Order Approving Purchase Agreement and Bidding Procedures with Respect to Sale of VSI Business ("Order"). (DE 2267).

ii. The Order approved Transaction Documents, which implemented a structure for the continued maintenance and processing of life insurance policies known as Keep Policies through the creation of a Trust with a Trustee who would acquire the ownership and nominal beneficial interest in the Keep Policies. (DE 2266 at 4-7).

iii. The Order further approved, as part of the Transaction Documents, a Servicing Agreement providing for the Servicer to manage the portfolio of Keep Policies and the Policy Files. (DE 2266-3 at 1).

iv. On December 14, 2009, the Court entered its Order Granting Receiver's Motion for Entry of "Sale of Assets, Servicing and Transfer Order" ("Final Judgment in the Receivership Action for Maintenance of the Keep Policies"). (DE 2367).

v. The Final Judgment in the Receivership Action for Maintenance of the Keep Policies vested the Trustee with all claims, options, privileges, right, title and

|      |                                                                 |
|------|-----------------------------------------------------------------|

interest in, to and under the Trust Assets, free and clear of all Encumbrances.

vi. The Final Judgment in the Receivership Action for Maintenance of the Keep Policies further approved the entering into of the Mutual Benefits 'Keep Policy' Trust Agreement (DE 2540-1) between the Receiver and the Trustee, which defines Trust Assets as Policies, the Policy Files and the Trust Cash.

vii. The Policy Files are defined as follows:

[A]ll files, documents, instruments, papers, correspondence, communications, books and records (including all originals thereof) evidencing or otherwise relating to the Keep Policies, whether in physical, electronic or other form or medium, including, without limitation, (i) the Keep Policies and all correspondence relating thereto, (ii) all information and records with respect to the health status and whereabouts of each insured under a Keep Policy, (iii) all accounting records, including the accounting and bookkeeping records incident to the ownership, premium payments and receipts and distributions of proceeds with respect to each Keep Policy made to or received from the insurance companies that issued the Keep Policies, (iv) all documents and instruments executed and/or delivered by or to Seller, a Receivership Entity, each Keep Policy Investor and any Third Party Beneficiary, an insured, a viator or any other Person in respect of a Keep Policy, or the direct or indirect acquisition, ownership or disposition thereof by Seller, any Receivership Entity, Keep Policy Investor or any Third Party Beneficiary (collectively, the "Policy Files"), provided that, Policy Files shall not include any attorney-client or other privileged communication between the Receiver as Seller or any Receivership Entity and their respective attorneys or accountants.

viii. Furthermore, the content of the Policy Files has necessarily evolved since Final Judgment in the Receivership Action for Maintenance of the Keep Policies by virtue of the Servicer's management of the Policy Files pursuant to the Servicing Agreement, and includes data that is in electronic form and stored on the Servicer's systems. (DE 2809-14).

ix. Accordingly, it is hereby ORDERED AND ADJUDGED that the Trustee is vested with all claims, options, privileges, right, title and interest in, to and under the Policy Files, free and clear of all Encumbrances, to include changes in the

3

Policy Files since Final Judgment in the Receivership Action for Maintenance of the Keep Policies and all historical information with respect thereto, including data pertaining to the Policy Files that is in electronic form and stored on the Servicer's systems. It is also

ADJUDGED that the Motion to Compel be DENIED to the extent that the Trustee seeks Injunctive Relief in the form of an Order compelling Litai Assets, LLC to provide the Trust with its data in a usable, industry standard format.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th of March 2021.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Jared M. Strauss

Counsel of Record