UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 04-60573-CIV-MORENO**

SECURITIES AND EXCHANGE
COMMISSION, *et al.*,

                    Plaintiff,

vs.

MUTUAL BENEFITS CORP. *et al.*,

                    Defendants.

_____/

## <u>ORDER GRANTING ACHERON CAPITAL, LTD.'S EXPEDITED MOTION TO STAY PENDING APPEAL OF ORDER (D.E. 2967)</u>

Acheron Capital, Ltd. seeks a stay pending appeal of the Court's Order Adopting the Report and Recommendation and Granting Trustee's Motion for Instructions (D.E. 2967). The Court finds the standard for a stay pending appeal is met and stays the Trustee's sale of Keep Policies in which Acheron Trusts[1] own fractional interests. The Court will allow the Trustee to move for a bond requirement.

THIS CAUSE came before the Court upon Expedited Motion to Stay Pending Appeal **(D.E. 2977)**, filed on **September 20, 2021**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Pending appellate review, the Court stays the Order Adopting the Report and Recommendation and Granting the Trustee's Motion for Instructions (D.E. 2967) to the extent it allows the Trustee to sell Acheron Trusts' fractional

---

[1] Acheron Capital, Ltd. is the investment manager for Acheron Portfolio Trust, Avernus Portfolio Trust, Lorenzo Tonti 2006 Trust, and STYX Portfolio Trust ("Acheron Trusts") (collectively referred to as "Acheron").

interests in the Keep Policies.

## I.      **Background**

Acheron Capital seeks a stay pending appeal of this Court's Order Adopting the Report and Recommendation providing instructions on the wind-down of the Trust and sale of the Trust's policies by year end 2021. The briefs indicate that the Trust liquidation is now delayed to early 2022. The Eleventh Circuit granted Acheron Capital's motion to expedite the appeal. The briefing in the Eleventh Circuit concluded on October 22, 2021. The Eleventh Circuit took no position on whether there would be oral argument and if there is oral argument whether it would be expedited. The Trustee did not oppose Acheron's request to expedite the briefing on the appeal.

The Court's order at issue instructed that the Trustee could sell the Keep Policies on a policy-by-policy basis as part of the wind down and liquidation of the Trust, nothwithstanding Acheron Trusts' fractional interests in many of the policies. Acheron Capital filed an appeal of this Order Adopting the Report and Recommendation in its entirety on September 7, 2021 and on September 20, 2021, Acheron filed the pending motion to stay, which the Trustee opposes. The issues on appeal are the Trustee's authority to act under the terms of the 2015 Trust Agreement and associated agreements. Specifically, Acheron objects to the finding that the Trustee could sell the Keep Policies on a policy-by-policy basis, including Acheron Trusts' fractional interests.

## II.     **Legal Standard and Analysis**

"[A]s part of the traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)). Acheron, the Appellant, seeks to preserve the status quo with a stay pending appeal of the Court's Instructions Order on the liquidation and wind-down of the Trust. Acheron claims that if

the Trustee sells its fractional interests in the Keep Policies, it will be irreparably harmed. "A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken*, 556 U.S. at 421.

The parties dispute the appropriate legal standard to stay this Court's order. The Trustee argues the Court's Instructions Order, which is a non-monetary order, may only be stayed pending appeal if the standard four-part test is satisfied. The standard four-part test states courts deciding whether to stay an order on appeal consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Garcia-Mir v. Meese*, 781 F.2d 1450 (11th Cir. 1986). Notably, the *Garcia-Mir* case clarifies that a "movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Id.* at 1453.

Acheron argues the four-part test does not apply because the Court's Order is not injunctive by nature. The Order merely allows the Trustee to sell the policies on a policy-by-policy basis, but it does not order the Trustee to do so. Acheron relies on *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905, 2019 WL 7370412 (S.D. Fla. Oct. 29, 2019) to argue that the *Garcia-Mir* test is limited to injunctive orders. The Trustee's position is that the test applies to all non-monetary orders, including this order.

A closer look at Rule 62 is warranted. Federal Rule of Civil Procedure 62, titled generally, "Stay of Proceedings to Enforce a Judgment," addresses money judgments and

3

injunctions, but is silent as to declaratory judgments. . . Intuitively, aside from the gap in Rule

62, it is not clear why a court cannot stay its own declaratory judgment." *United States v.*

*Safehouse*, 468 F. Supp. 3d 687, 690 (E.D. Pa. June 24, 2020). The Order at issue here provides

declaratory relief – a statement of the contractual obligations and rights of the parties in the event

of Trust liquidation.

> Rule 62(b), substantively amended in 2018, provides in pertinent part:

> Stay by Bond or Other Security. At any time after judgment is entered, a
> party may obtain a stay by providing a bond or other security. The stay
> takes effect when the court approves the bond or other security and
> remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b) (2021). The 2018 amendment to Rule 62 "makes explicit the opportunity to

post security in the form other than a bond." Fed. R. Civ. P. 62(b) (2018 committee note);

*Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr., 2006-18 v. Cornish*, 759 F.

App'x 503, 510 (7th Cir. 2019) (noting amendment provides greater flexibility in granting stays

pending appeal, especially in context of judgments that are not purely monetary).

> Rule 62(d) provides the framework for staying injunctive orders. It states:

> While an appeal is pending from an interlocutory order or final
> judgment that grants, continues, modifies, refuses, dissolves, or
> refuses to dissolve or modify an *injunction*, the court may suspend,
> modify, restore, or grant an injunction on terms for bond or other
> terms that secure the opposing party's rights.

The Trustee argues that subsection (d) applies in this context, even though the order is not *per se*

injunctive as it merely states that the Trustee can liquidate the policies in a particular way under

the terms of the 2015 Trust Agreement. By its terms, Rule 62(d) applies to "injunctions" and the

Trustee requests the Court treat this order as such. The Court disagrees with the Trustee that Rule

62(d) applies to this order as this order is not injunctive.

As recognized in *Safehouse*, there is little precedent addressing the issue of staying a declaratory judgment. This Court, like *Safehouse*, will look to the practical effect of a stay in this case. *Id.* Here, the effect of the Court's Order was to allow the Trustee, should he choose, to sell whole policies, which include Acheron Trusts' fractional interests. In practical terms, the Order has consequences to Acheron should the Trustee proceed with the sale and liquidation. Although the Court does not agree with the Trustee that Rule 62(d) applies to a stay of this Order, the Court finds the proper framework for determining a stay of this non-monetary declaratory order is to employ the *Nken* four-part test. If the four-part test is satisfied, then the Court will analyze the sufficiency of the security under Federal Rule 62(b). *Safehouse*, 468 F. Supp. 3d at 691; *Georgia Republican Party, Inc. v. Sec. of State for Georgia*, No. 20-14741-RR, 2020 WL 7488181, *1 (11th Cir. Dec. 21, 2020) (applying four-part test to motion to stay an order finding plaintiffs lacked standing).

## A. Four-part Test

The Eleventh Circuit has recognized that "granting a stay that simply maintains the status quo pending appeal 'is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the [stay] would inflict irreparable injury on the movant.'" *LabMD, Inc. v. Fed. Trade Comm'n*, 678 F. App'x 816, 819 (11th Cir. 2016) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

### 1: Factor 1: Substantial Likelihood of Success

*Garcia-Mir* allows a movant for a stay to show a "substantial case on the merits" when the harm factors tip in favor of a stay (as is the case here). *Garcia-Mir*, 781 F.2d at 1453; *F.T.C. v. Mainstream Mktg. Servs. Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) ("With respect to the stay factors, where the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed."). Although the Court sees

no need to reconsider its Order Adopting the Report and Recommendation, the Court recognizes

that the order deals with sophisticated legal questions and contractual issues stemming from a

complicated business relationship. Specifically, the issue of whether the Asset Purchase

Agreements preclude the Trustee from selling policies that include Acheron Trusts' fractional

interests is "deserving of more deliberate investigation." *Evans v. Utah*, 21 F. Supp. 3d 1192,

1212 (D. Utah 2014). Moreover, the Eleventh Circuit previously held in this case that it will

employ de novo review over these post-judgment decisions, as opposed to being subject to a

more deferential standard of review. *See S.E.C. v. Mutual Benefits*, 810 F. App'x 770, 772-775

(11th Cir. 2020). Therefore, although the Court finds the 2015 Trust Agreement governs how the

Trustee liquidates and winds down the Trust, the Court finds that Acheron presents a substantial

case on the merits.


### 2. *Factors 2-4: The Harm Factors*

Acheron argues that it will be irreparably harmed if no stay is imposed. A failure to stay

will moot the issues on appeal. The Trustee's sale would affect Acheron's interests in 731

policies before the Eleventh Circuit decides the issue of Acheron's contractual rights and the

Trustee's obligations. *See U.S. v. Certain Real & Pers. Prop.*, 943 F.2d 1292, 1296 (11th Cir.

1991) (holding appeal was moot because there was no stay and "[t]he sale of the property to a

third-party purchaser has terminated this Court's ability to grant the claimant her requested

remedy.").

The Trustee argues there is no irreparable injury because the asserted harm is that

Acheron's contractual rights will be breached, and a breach of contract claim does not support

irreparable harm. His position is that mootness alone does not support a stay. Unfortunately, this

is not so straight-forward. The Court recognizes that this is not a situation where Acheron can simply sue to recover for breach of contract where there is a Court order authorizing the sale. Rather, Acheron claims its risk of loss is the value of the policies on maturity- a remedy that would be unavailable should the policies be sold before the Court of Appeals reviews the issue.

The Court must then analyze the injury to the other parties. The Trustee argues that it would run out of funds if the sale would not take place in late 2021 or early 2022. The Trustee's September 17, 2021 status report confirmed that "an additional approximately $1.5 million in restitution funds have been made available by the U.S. Attorney's Office to the Receiver and are in the process of being funded." (D.E. 2976 at 4). The Trustee's Response to the Motion indicates that the $1.5 million in restitution funds enables the Trustee to defer the Trust's liquidation for a brief period by applying some of those funds toward administrative fees charged to the holders of the Keep Policies. (Tr. Resp. at 2, n.1) The Trustee also reports that he "will be exercising his authority under Section 3.1(b)(xi) of the Trust Agreement to direct the collection of additional fees necessary to fund the operations of the Trust in light of the insufficiency of the available Overpayment Balance to pay all expenses." (D.E. 2976 at 3-4). Thus, it seems that the urgency to sell the policies by year-end is no longer the case and the damages for the continued operation of the Trust would be costs to the investors in the form of additional fees. The stay will not cause the Trustee to lose the value of the policies. *See Deutsche Bank*, 759 F. App'x at 508 (stating lender did not lose interest in the policy from a stay of the foreclosure).

Moreover, Acheron agrees in its brief that the "180-day sales process itself can go forward without disturbing the status quo because only the actual sale must be stayed. If the Eleventh Circuit affirms the order on appeal, the actual sale can still occur before the end of 2021." (D.E. 2997 at 13). Acheron does not seek a stay of the sale of 250 policies, in which

Acheron Trusts own no interest and thus, the Trustee can also go forward with the bulk sale of those policies, which should also alleviate the costs of operating the Trust. *Id.* Finally, the Trust will not begin accruing additional costs until 2022 if the appeal remains pending then. It is only then that the Trust may need additional funding to operate and maintain the policies. *Id.*

If no stay is ordered, in contrast, Acheron Trusts' interests would be sold, which would prevent them from holding the fractional interests in the policies to maturity. Acheron claims that is its contractual right and the question of whether the Trustee has the ability under the agreements to sell those interests prematurely is before the Court of Appeals. The Trustee does not lose the value of the policies as a result of the stay, much like the lender in *Deutsche Bank*, did not lose the interest in the property as a result of the stay of the foreclosure. 759 F. App'x at 509-510. Accordingly, the balance of equities favors a stay.

The final factor is the public interest. Acheron claims that freedom of contract is a matter of great public concern. *Banfield v. Louis*, 589 So. 2d 441, 446 (Fla. 4th DCA 1991). Although the parties disagree about how the contracts govern this issue, the issue is one of public concern given how the Court's interpretation impacts the Trust, Acheron and the other investors. The Trustee argues that the public interest cautions against a stay because there is a public interest in the Court enforcing the Trust Agreement resulting from a receivership. The Court's Order enforces that Agreement, but a stay to allow appellate review in a case where the Eleventh Circuit allowed expedited briefing is prudent.

Having found the factors favor a stay pending appeal, the Court next turns to the issue of security under Rule 62(b).

B. *Security under Federal Rule of Civil Procedure 62(b)*

Federal Rule of Civil Procedure 62(b) allows a moving party seeking a stay of an order on appeal to post security, in a form other than a bond. "New Rule 62(b) permits flexibility in the type of security required to obtain a stay, which allows the Court to treat the properties as sufficient security." *United States v. Birdsong*, No. CV-17-72-M-DWM, 2019 WL 1026277, at *2 (D. Mont. Mar. 4, 2019) (finding properties constituted security and ordering stay of foreclosure order pending appeal).

Acheron seeks an order imposing no immediate conditions on the stay and argues that the res is already held in the Trust- *i.e.* that the policies will be available for sale should the Eleventh Circuit affirm this Court's Order. Acheron agrees that if the Order is affirmed on appeal, the Trustee can apply Acheron's sale proceeds to the extra costs incurred from a delayed sale. Acheron agrees that the Trustee may seek the Court address the issue of conditions of the stay if the impact to the Trust is magnified due to the length of the appeal. *See Donges v. USAA Fed. Sav. Bank*, CV-18-00093-TUC-RM, 2019 WL 3208076, at *3 (D. Ariz. July 16, 2019) (granting motion for stay without imposing a bond, but allowing losing party to seek a bond should circumstances securing the judgment change during the pendency of appeal). If push comes to shove, the Court can revisit the issue of security to protect the Trust against a harm. For now, the Court finds there is adequate security. *See Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, No. 19-CIV-10023 (KPF), 2020 WL 7711522, *2 (S.D.N.Y. Dec. 29, 2020). In so holding, the Court is cognizant that there could be a loss of value to the Trust if the Trustee cannot liquidate in time. The Trustee may request a bond at any time during the pendency of the stay to address this concern.

Accordingly, the Court grants a stay, but allows the Trustee to seek additional security or a bond. The Court only stays the sale of whole policies where Acheron Trusts own any fractional interest.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of November 2021.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

10