UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 04-60573-CIV-MORENO

SECURITIES AND EXCHANGE
COMMISSION, *et al.*,

        Plaintiff,

vs.

MUTUAL BENEFITS CORP. *et al.*,

        Defendants.
_____/

## ORDER GRANTING ACHERON CAPITAL, LTD.'S EXPEDITED MOTION TO STAY PENDING APPEAL OF ORDER (D.E. 3142)

Acheron Capital, Ltd. seeks a stay pending appeal of the Court's Order Adopting Report and Recommendation and Granting the Trustee's Motion to Approve Procedures for Sale of Policies in Connection with the Trust Termination (D.E. 3142). The Court finds the standard for a stay pending appeal is met.

THIS CAUSE came before the Court upon Expedited Motion to Stay Pending Appeal **(D.E. 3145)**, filed on **July 7, 2022**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Pending appellate review, the Court stays the Order Adopting Report and Recommendation and Granting the Trustee's Motion to Approve Procedures for Sale of Policies in Connection with the Trust Termination (D.E. 3142) to the extent it allows the Trustee to sell Acheron Trusts' interests in the Keep Policies.

## I.  Background

Acheron Capital, Ltd.[1] moves to stay the sale of the policies in which Acheron Trusts owns a fractional interest. Specifically, Acheron seeks to stay the June 29, 2022 postjudgment Order (the "Sale Procedures Order"), which adopted the April 9, 2022 Report and Recommendation granting the Trustee's January 21, 2022 motion. The Sale Procedures Order is currently on appeal and on July 29, 2022, the Eleventh Circuit issued an order granting Acheron's Motion to Expedite the appeal and setting an expedited briefing schedule.

This is not the first time the Court has considered a stay of an order in this postjudgment proceeding. In 2021, the Court granted Acheron's motion to stay its Instructions Order pending appeal. In that appeal, the Eleventh Circuit did not reach the merits because it determined the Instructions Order was not an appealable final order. *Acheron Capital, Ltd. v. Mukamal*, 22 F.4th 979, 991 (11th Cir. 2022) (*MBC III*). Notably, the Eleventh Circuit anticipated that Acheron could protect its interest by awaiting entry of "the final approval of the sale" order, then seeking expedited review and a stay of the sale, pending resolution of that later appeal. *Id.* At the oral argument, Chief Circuit Judge Pryor observed that a subsequent appeal could be taken once "you get everything ready to be teed up for a sale, but the sale itself hasn't taken place to moot the appeal, and then we can review everything." Judge Grant also contemplated that "the order approving the sale will say, the sale will go forward under these conditions and requirements, period. It will not say the sale that happened yesterday, I approve," rather, the "approval itself will happen before the sale, it approves the nature of the sale, rather than the past occurrence of the sale." In its written opinion, the Eleventh Circuit found that Acheron's concern that "'an appeal will be too late' at that point because the sale might occur before this Court can resolve

---

[1] Acheron Capital, Ltd. is the Investment Manager for Acheron Portfolio Trust, Avernus Portfolio Trust, Lorenzo Tonti 2006 Trust and STYX Portfolio Trust (the "Acheron Trusts").

2

the appeal. . . is unfounded" because "[t]his Court may expedite a later appeal, as it did this appeal." "Acheron does not explain why an application – in this Court or in the district court – to stay an order approving the final sale would not sufficiently protect its interests. Indeed, the district court has already granted a stay of the Instructions Order 'to the extent it allows the Trustee to sell Acheron Trusts' fractional interests in the Keep Policies. We have no reason to suppose that the district court would change its position and deny a stay after its approval of the sale." *Id.* at 991.

The Sale Procedures Order is now on an expedited appeal. It approves the Trustee's request to sell all of the policies held by the Trust using the sale conditions and procedures requested by the Trustee.  The auction is scheduled for September 13, 2022. On appeal, Acheron is challenging the Sale Procedures Order on the ground that the sale violates its contractual rights under the Asset Purchase Agreements and the parties' 2015 Agreement. Acheron appealed the Sale Procedures Order on June 30, 2022. In this expedited motion for stay, it claims that the auction will moot its claim on appeal that the Sale Procedures Order violates its contractual rights by selling policies where Acheron owns fractional interests.

In responding to the motion to stay, the Trustee argues the Sale Procedures Order requires several steps to occur between Sale Procedures Order and the final Trust liquidation. In his view, these processes render the appeal premature for lack of a final order. The processes include: (i) separating policies into separate tranches at auction, (ii) soliciting stalking horse bids prior to the auction, (iii) implementing various bidding procedures like providing prospective purchasers an opportunity to conduct due diligence; (iv) establishing criteria for identifying qualifying bidders; (v) conducting an auction for each tranche of the Keep Policies to determine the highest and best bids; (vi) scheduling a future "Sale Approval Hearing" to occur after the

Case 0:04-cv-60573-FAM   Document 3157   Entered on FLSD Docket 08/29/2022   Page 4 of 8

conclusion of the action; (vii) entry of a "Sale of Approval Order," which would approve the sale of each tranche to the highest and best bidder, (viii) payment of the expenses of the sale process from the ultimate sales proceeds; and (ix) distributing proceeds in a manner to be determined following the sale. *Id.* at 5-7. The Trustee moves to dismiss the appeal for lack of appellate jurisdiction again asserting the appeal is premature and the Sale Procedures Order is not a final appealable order.

## II.   Legal Analysis

"[A]s part of the traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009) (quoting *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 9-10 (1942)). Acheron seeks to preserve the status quo with a stay pending appeal of the Court's Sale Procedures Order. Acheron claims that if the Trustee sells its fractional interests in the Keep Policies, it will be irreparably harmed. "A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken*, 556 U.S. at 421.

> Rule 62(b), substantively amended in 2018, provides in pertinent part:
>
> Stay by Bond or Other Security. At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b) (2021).

The standard four-part test to determine a stay requires courts to consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public

4

interest lies. *Id.*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Garcia-Mir v. Meese*, 781 F.2d 1450 (11th Cir. 1986). Notably, the *Garcia-Mir* case clarifies that a "movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Id.* at 1453.

### A. Four-Part Test

The Eleventh Circuit has recognized that "granting a stay that simply maintains the status quo pending appeal 'is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the [stay] would inflict irreparable injury on the movant.'" *LabMD, Inc. v. Fed. Trade Comm'n*, 678 F. App'x 816, 819 (11th Cir. 2016) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

### 1: Factor 1: Substantial Likelihood of Success

*Garcia-Mir* allows a movant for a stay to show a "substantial case on the merits" when the harm factors tip in favor of a stay (as is the case here). *Garcia-Mir*, 781 F.2d at 1453; *F.T.C. v. Mainstream Mktg. Servs. Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) ("With respect to the stay factors, where the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed."). The parties dispute whether the Sale Procedures Order is a final appealable order. In *MBC III*, the Eleventh Circuit stated that "[o]nly after the district court approves the sale will there be a final decision. At that point, all disputes about the sale will be 'concluded and closed[.]'" *MBC III*, 22 F.4th at 988 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). The oral argument in *MBC III* suggests that the Eleventh Circuit was concerned about the timing of the appeal of the merits in this postjudgment proceeding. The questions contemplated that the final appealable order approving the sale would predate the actual sale. Judge Grant described the final

5

appealable sale order as one "approving the nature of the sale, rather than the past occurrence of the sale." The Sale Procedures Order on appeal does just that. It sets forth the parameters for the auction. That being said, the Court understands the Trustee's argument that there may yet be another opportunity for Acheron to object to the sale before this Court, after the auction takes place, and before this Court grants final approval of the sale. The Trustee adds that the Court must issue its final approval before the parties can close on the sale of the policies. This point, however, is also contested by Acheron, which argues that the process approved by the Sale Procedures Order is capable of immediate execution. Because there is a substantial dispute on the merits as to whether this Sale Procedures Order is a final appealable order capable of immediate execution, the Court finds that the *Garcia-Mir* standard is met and a stay is warranted.

2. *Factors 2-4: The Harm Factors*

The harm factors center on the relative harm to Acheron, the Trustee, and the public. Acheron argues that it will be irreparably harmed if no stay is imposed. It argues that it owns over 60% of the Trust's holdings, which it has paid millions of dollars to purchase and maintain over the last 13 years. This Court has previously recognized that "this is not a situation where Acheron can simply sue to recover for breach of contract where there is a Court order authorizing the sale. Rather, Acheron claims its risk of loss is the value of the policies on maturity – a remedy that would be unavailable should the policies be sold before the Court of Appeals reviews the issue." (D.E. 3014 at 7).

The Court must then analyze the injury to the other parties. The Trustee argues that a stay would cause the victim investors to suffer unnecessary harm because they will be required to continue funding premium obligations and delay distribution of shares. The Trustee claims that the end-goal of the wind down and termination process *could* unravel during a stay. Specifically,

6

he states that the "stalking horse" bids negotiated by the Trustee do not remain open indefinitely, but may terminate if a closing does not occur by a specified deadline. Although certainly the Trustee has articulated potential risks of losing bids and the termination process unraveling, these are risks and not as certain as the harm as Acheron faces when the sale materializes. Indeed, the Trustee's brief couches the harm to the Trust as potential – "*could* be catastrophic," the stalking horse bids "may terminate," the wind-down process and termination process "could . . .unravel." Accordingly, the balance of equities favors a stay at this juncture. During the course of the stay, the Trustee is free to move to modify it should these harms become imminent.

The final factor is the public interest. The Trustee argues the public interest is not served by allowing Acheron to stay an order pending an appeal where there is no appellate jurisdiction. Because the Court has found there is a substantial issue on the merits as to whether the Sale Procedures Order is a final appealable order capable of immediate execution, the Court does not agree with the Trustee. A stay to allow appellate review in a case where the Eleventh Circuit allowed expedited briefing is prudent.

Having found the factors favor a stay pending appeal, the Court next turns to the issue of security under Rule 62(b).

*B. Bond*

The Trustee requests a bond pending the stay. Rule 62(b), substantively amended in 2018, allows a party to obtain a stay by providing a bond or some other security. Fed. R. Civ. P. 62(b) (2021). The 2018 amendment to Rule 62 "makes explicit the opportunity to post security in the form other than a bond." Fed. R. Civ. P. 62(b) (2018 committee note); *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr., 2006-18 v. Cornish*, 759 F. App'x 503, 510 (7th Cir. 2019) (noting amendment provides greater flexibility in granting stays pending appeal, especially in context of judgments that are not purely monetary).

This Court previously found that Acheron's interests in the policies held in the Trust served as adequate security. Should the Eleventh Circuit affirm the Sale Procedures Order, the Trustee can apply Acheron's sale proceeds to the extra costs incurred from a delayed sale. During the length of the appeal, the Trustee may seek the Court revisit the conditions of the stay if the impact to the Trust is magnified. The Trustee may also move for a specific bond amount if there is a specific loss to the Trust.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th of August 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record