UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60573-CIV-MORENO/STRAUSS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MUTUAL BENEFITS CORP., *et al.*,

    Defendants.

_____/

**ACHERON CAPITAL, LTD.'S *EMERGENCY* MOTION
TO ENFORCE AND COMPEL COMPLIANCE WITH
ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND GRANTING TRUSTEE'S MOTION TO APPROVE PROCEDURES FOR SALE
OF POLICIES IN CONNECTION WITH TRUST TERMINATION (DE 3142)
<u>WITH INCORPORATED MEMORANDUM OF LAW</u>**

## BASIS FOR EMERGENCY RELIEF

Acheron Capital, Ltd., as the investment manager for Acheron Portfolio Trust, Avernus Portfolio Trust, Lorenzo Tonti 2006 Trust and STYX Portfolio Trust[1] (collectively, "**Acheron**"), **respectfully requests a ruling on this Motion before December 2, 2022.** That is the deadline established by Barry Mukamal, as trustee ("**Trustee**") of the Mutual Benefits Keep Policy Trust (the "**Trust**") by which Acheron must submit its signed Asset Purchase Agreement(s) ("**APA**") and fund its 10% deposit(s) in order to participate in the December 8, 2022 auction at which the Trustee intends to sell all policies and policy interests held in the Trust. The changes required by the Trustee to Acheron's APA(s) contain two provisions that violate the Court's June 29, 2022 *Order Adopting Magistrate Judge's Report and Recommendation and Granting Trustee's Motion To Approve Procedures For Sale of Policies in Connection With Trust Termination* (DE 3142, "**Sale Procedure Order**"). Specifically, those proposed provisions violate the Court's ruling that **"the Trustee may not condition … Acheron's participation in the auction on Acheron waiving any claims against the Trustee or the right to appeal."** (DE 3142:2[¶1]).

The Trustee refuses to allow Acheron to remove the noncompliant provisions and, he is attempting to condition Acheron's participation in the auction by, in certain circumstances, (a) requiring a waiver of Acheron's right to object to and/or appeal the entry of the Sale Approval Order and/or (b) imposing an economic penalty upon Acheron if it should object and/or appeal. As a result, Acheron files this emergency motion asking the Court to enforce its Sale Procedure Order and compel the Trustee to: (i) comply with Paragraph 1 of the Sale Procedure Order and accept Acheron's APA without the noncompliant provisions demanded by the Trust, (ii) not require Acheron to include any language in its APA that violates the Sale Procedure Order, and (iii) recognize that under all circumstances Acheron's submission of the APA and participation in the auction (including if Acheron is the successful bidder or back-up bidder) does not constitute a waiver of any claims by Acheron against the Trustee or Acheron's right to object to and/or appeal the entry of the Sale Approval Order.

---

[1] The assets of the four separate Acheron Trusts have merged into the Acheron Portfolio Trust.

1

**BACKGROUND**

1.  On June 29, 2022, this Court entered the Sale Procedure Order (DE 3142), in which the Court approved Magistrate Judge Strauss' Report and Recommendation ("**Report**") to grant the Trustee's Motion to Approve Procedures For Sale of Policies in Connection With Trust Termination. As recommended in the Report (*see* DE 3130:1-2, 25, 27),[2] the Court ruled in pertinent part:

> **[T]he Trustee may not condition Acheron's access to the data room and Acheron's participation in the auction on Acheron waiving any claims against the Trustee or the right to appeal.**

(DE 3142:2[¶1]) (emphasis added).

2.  Acheron has made it clear in multiple district court filings leading up to the entry of the Sale Procedure Order (*see*, *e.g.*, DE 2901:1-16; DE 3132:2, 6-10) that the Trustee's auction as planned violates Acheron's contractual rights under: (i) the 60-plus Asset Purchase Agreements through which the Acheron Trusts purchased fractional interests in the policies (which interests now amount to over 60% of the Trust's assets); and (ii) the March 2015 Agreement, which permits Acheron to bid at auction on a policy by policy basis on each policy in which the Acheron Trusts own an interest and gives it a right to top any bid.

3.  Because of those contractual rights, Acheron sought appellate review of the Sale Procedure Order and the Court's prior Instruction Order (DE 2967) so that the Eleventh Circuit could decide Acheron's contractual rights and how they impact the Trustee's proposed sale before the auction took place. The Eleventh Circuit dismissed the prior appeals as premature and clarified

---

[2] In the Report, Magistrate Strauss recommended that the Trustee's *Motion to Approve Procedures For Sale of Policies in Connection With Trust Termination* be granted, "but with the Court finding that the Trustee may not condition Acheron's access to the data room or Acheron's participation in the auction on Acheron waiving any claims against the Trustee or the right to appeal." (DE 3130:1-2). Judge Strauss reasoned that "it is unreasonable for the Trustee to put Acheron in the position of choosing between waiving claims and the right to appeal or missing out on the opportunity to bid at the auction." *Id.* at 25. He therefore recommended that "Acheron's access to the data room and participation in the auction should not be conditioned upon Acheron waiving any claims or the right to appeal." *Id.* at 25, 27.

2

in its most recent decision that Acheron must wait for this Court to enter its final decision (the Sale Approval Order) before Acheron can seek appellate review and have the Eleventh Circuit decide the merits of Acheron's contractual rights under the Asset Purchase Agreements and the March 2015 Agreement. *See Sec. & Exch. Comm'n v. Mut. Benefits Corp.*, Case No. 22-12216, 2022 WL 9729775, at *2 (11th Cir. Oct. 17, 2022) (unpublished); *see also Acheron Capital, Ltd. v. Mukamal*, Case No. 21-13052, 22 F.4th 979, 988 (11th Cir. 2022).

4. The Trustee has scheduled the auction for December 8, 2022. (DE 3169:2). Those seeking to participate in the auction must submit to the Trustee signed APAs and bid deposits by 5 p.m. on December 2, 2022. *See id.*

5. In order to avoid a last-minute dispute about whether Acheron's form of APA would be acceptable to the Trustee, on November 14, 2022, more than two weeks before the December 2 deadline, Acheron's counsel forwarded its proposed form of generic APA to counsel for the Trust and requested confirmation that the form of APA would be acceptable to the Trustee. Acheron's form APA included provisions that explicitly preserved Acheron's rights under the Sale Procedure Order. On November 20, 2022, nearly a week later, the Trust's counsel returned a marked copy of Acheron's APA showing the changes required by the Trustee, which deleted the language Acheron had included to preserve its rights and inserted new language that, under certain circumstances, required Acheron to waive its right to object to and/or appeal the entry of the Sale Approval Order and/or imposed an economic penalty upon Acheron if it should object and/or appeal.

6. Specifically, the Trustee revised Acheron's proposed APA to provide that if Acheron is chosen as a successful bidder or back-up bidder, (i) Acheron *must* cooperate to consummate the sale and shall not object to and/or appeal the entry of the Sale Approval Order; and (ii) if Acheron nevertheless delays a closing by objecting to and/or appealing the Sale Approval Order, the Trustee will require Acheron to pay all general administrative expenses incurred by the Trust during that delay. *See* **Exhibit A at pp. 2-3** (redacted email exchange

between counsel for Acheron and the Trustee's counsel, dated November 22, 2022 through November 25, 2022).[3]

7. Acheron has asked the Trustee to delete those noncompliant APA provisions and to recognize that Acheron's submission of the APA and participation in the auction will not constitute a waiver of any claims by Acheron against the Trustee or Acheron's right to object to and/or appeal the entry of the Sale Approval Order under any circumstance. The Trustee refuses to do so. *See* **Exhibit A at p. 2** (Trustee's counsel: "The court has ruled that Acheron can not be required to waive its claims as a condition of access to the data room or participating in the auction. The Trustee is not doing either of those things. That does not mean that Acheron can *win* the auction and be the successful bidder and then turn around and oppose the completion of the sale for which it has bid. Acheron is not required to waive its claims in order to participate in the auction, but if it is selected as the successful bidder it will be expected - like any other bidder - to support rather than resist closing of the sale.").

---

[3] Acheron's draft form of the APA, marked to show the changes requested by the Trust, is subject to the confidentiality agreement that Acheron was required to enter into in order to participate in the Trust's auction sale. If the Court would like to review the draft APA before ruling on this Motion, Acheron will file a motion for leave to file the draft APA under seal.

## **MEMORANDUM OF LAW**

8.  This Court has inherent power to enforce compliance with the Sale Procedure Order. *See*, *e.g.*, *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt.") (citation omitted); *Oppedisano v. Nichols*, 2022 WL 16964154, at *3 (S.D. Fla. Oct. 28, 2022) (same), *report and recommendation affirmed and adopted by* 2022 WL 16961433 (S.D. Fla. Nov. 16, 2022). As the moving party, Acheron has the initial burden of proving by clear and convincing evidence that the Trustee's proposed APA provisions violate the Sale Procedure Order. *See CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

9.  That standard requires proving that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation omitted). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Oppedisano*, 2022 WL 16964154, at *3 (citations omitted). The burden then shifts to the non-moving party "to come forward with evidence showing in detail why a contempt finding should not be found." *Id.* (citations omitted). "[T]o avoid contempt, a defendant must show that he or she either did not violate the court order as alleged or that she was 'excused' from complying with such order." *Id.*

10.  The Sale Procedure Order is a valid and lawful order. That is not disputed. The Trustee has never contested the Sale Procedure Order and he is aware that Paragraph 1 prohibits the Trust from "condition[ing] … Acheron's participation in the auction on Acheron waiving any claims against the Trustee or the right to appeal." (DE 3142:2[¶1]). The Trustee did not object to this aspect of the Sale Procedure Order.

11.  The terms of Paragraph 1 are clear and unambiguous. The Court did not limit or qualify Paragraph 1's prohibition depending on whether Acheron was chosen as the winning

5

bidder or back-up bidder.[4] And the context of the parties' lengthy dispute over Acheron's rights under the Asset Purchase Agreements and the March 2015 Agreement shows why. Under those contracts, Acheron is entitled to different and more favorable terms, which are not implemented in the auction as currently planned. That is why, as Acheron has explained, "[i]f the Eleventh Circuit accepts any of Acheron's [contractual] arguments, the entire bid solicitation process would need to start anew." (DE 3145).

12. Paragraph 1 protects Acheron's "participation in the auction," which necessarily includes the possibility that Acheron may be chosen as the winning bidder or the "back-up" bidder. The Court understood that Acheron could be the winning or "back-up" bidder but still contest the failure to permit it to bid on individual policies or exercise its "topping" right. The Trustee interprets Paragraph 1 unreasonably, limiting the broad protection afforded by that paragraph to apply only in specific circumstances (a limitation that is not actually expressed in the Sale Procedure Order and which does not make sense in light of the dispute leading to the entry of that order).[5]

13. Acheron has never waived or abandoned its position that the auction as currently planned violates its contractual rights, regardless of the outcome of the auction. It repeatedly tried to avoid being in this posture (*i.e.,* participating in the auction and then appealing). At this point, Acheron seeks to participate in the auction to protect the fractional interests that the Acheron Trusts own (by bidding on policies in which the Acheron Trusts already own an interest), in the event an appeal of the Sale Approval Order is not successful.

---

[4] Requiring Acheron to waive its rights to object and/or appeal if it is selected as a "back-up" bidder is particularly egregious because the Trust is requiring Acheron to waive its rights even though the Trustee does not intend to sell the policies to Acheron, unless the winning bidder fails to close.

[5] *See generally Sec. & Exch. Comm'n v. Mut. Benefits Corp.*, 810 F. App'x 770, 775 (11th Cir. 2020) (unreasonable for the Trustee to limit Acheron's substantive rights under Section 3 of the March 2015 Agreement because that contract "does not limit these rights [*e.g.*, 'the right to participate actively in any negotiations that involve the servicing of any policies in which Acheron has an interest'] to the provision of primary servicing agreements, as the Trustee seems to imply.").

14. Lastly, there is no reason why the Trustee cannot comply with Paragraph 1 of the Sale Procedure Order by removing the noncompliant language to make clear that Acheron's submission of the APA and participation in the auction will not constitute a waiver of Acheron's right to object to and/or appeal the entry of the Sale Approval Order under any circumstance. The Trustee plainly finds it inconvenient to be bound by this Court's ruling. But that is no reason to deny Acheron the right to follow through on its claims, objections and/or appeal of the Sale Approval Order, as it has tried to do from the outset of this particular contractual dispute.

15. If Acheron signs the proposed APA as is, and if Acheron is chosen as the winning or back-up bidder, the proposed APA attempts to preclude it from raising any claims, objections or to appeal the Sale Approval Order and, if Acheron nevertheless files an objection or appeal, the proposed APA attempts to impose a financial penalty upon Acheron for delaying a closing while it seeks to enforce its rights. Those provisions clearly violate Paragraph 1 of the Sale Procedure Order by "condition[ing] … Acheron's participation in the auction on Acheron waiving any claims against the Trustee or the right to appeal." (DE 3142:2[¶1]).

## **CONCLUSION**

For these reasons, Acheron respectfully requests that, **before December 2, 2022**, the Court:

(i) grant this Motion;

(ii) enforce its Sale Procedure Order and compel the Trustee to (a) comply with Paragraph 1 of the Sale Procedure Order by not requiring the noncompliant provisions in Acheron's APA; and (b) acknowledge that Acheron's submission of its APA and participation in the auction will not constitute a waiver of any claims by Acheron against the Trustee or Acheron's right to object to and/or appeal the entry of the Sale Approval Order;

(iii) grant attorney's fees and costs to Acheron for having to prepare and litigate this Motion; and

(iv) grant any other or further relief that this Court deems just and proper.

## CERTIFICATE OF CONFERRAL (S.D. Fla. L. R. 7.1)

Pursuant to Local Rule 7.1, the undersigned certifies that a good faith effort was made to resolve these issues with the Trustee's counsel, David L. Rosendorf, but the parties were not able to resolve the matter; the Trustee does not agree to the relief requested in this Motion.

| | |
|---|---|
| Dated: November 28, 2022 | Respectfully submitted, |
| ANDERSON & KREIGER LLP<br>Steven Schreckinger<br>sschreckinger@andersonkreiger.com<br>50 Milk Street, 21st Floor<br>Boston, MA 02109<br>Tel:  (617) 621-6500 | SHUTTS & BOWEN LLP<br>By: */s/ Larry I. Glick*<br>Larry I. Glick (FBN 075064)<br>lglick@shutts.com<br>Julissa Rodriguez (FBN 0165662)<br>jrodriguez@shutts.com<br>200 South Biscayne Blvd., Suite 4100<br>Miami, FL 33131<br>Tel:  (305) 358-6300 |
| BUCHANAN INGERSOLL & ROONEY P.C.<br>Miranda Lundeen Soto (FBN 637963)<br>miranda.soto@bipc.com<br>2 South Biscayne Blvd., Suite 1500<br>Miami, FL 33131 | |

*Co-Counsel for Acheron*

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that, on November 28, 2022, the foregoing emergency motion was filed with the Clerk of the Court using the CM/ECF system, which will cause a Notice of Electronic Filing to be delivered by email to all counsel of record participating in the CM/ECF system.

*/s/ Larry I. Glick*

**Subject:** FW: Trying Again - 1420181-Acheron Redline Scheck Tranche - 11/22/22 Mark-Up

**From:** David L Rosendorf <dlr@kttlaw.com>
**Date:** November 25, 2022 at 3:14:20 PM EST
**To:** "Larry I. Glick" <LGlick@shutts.com>
**Cc:** Steve Schreckinger <sschreckinger@andersonkreiger.com>
**Subject: RE: Trying Again - 1420181-Acheron Redline Scheck Tranche - 11/22/22 Mark-Up**

Larry – I have not had an opportunity to close the loop with Barry on some of these edits, but I believe the primary substantive issue is the one you have identified regarding Acheron's obligation if selected as successful bidder, to support closing of the transaction and not oppose, appeal or seek to stay a sale order approving its bid – and which you've said we are unlikely to resolve. If the ▮▮▮▮▮▮ ▮▮▮▮▮▮ parallels the stalking horse bid, that will not be an issue. There are a few other items with regard to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ etc.; I still need to discuss with Barry ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) that we do not agree with, but I suspect we could reasonably discuss.

- David

**David L. Rosendorf, Esq.** | Partner
KOZYAK TROPIN & THROCKMORTON
2525 Ponce de Leon Blvd, FL 9, Miami, FL 33134
Phone 305.372.1800 | Direct 305.377.0651 | Email dlr@kttlaw.com

---

**From:** Larry I. Glick <LGlick@shutts.com>
**Sent:** Thursday, November 24, 2022 11:16 AM
**To:** David L Rosendorf <dlr@kttlaw.com>
**Cc:** Steve Schreckinger <sschreckinger@andersonkreiger.com>
**Subject:** RE: Trying Again - 1420181-Acheron Redline Scheck Tranche - 11/22/22 Mark-Up

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

David - apologies for interrupting your holiday with a work email, but we have a bid deadline coming up quickly. Unfortunately, we have a fundamental disagreement over the proper interpretation of the Court's Order as it relates to Acheron's right to participate in the auction and further discussion is unlikely to resolve the disagreement. On the other hand, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that was left blank in Acheron's draft is not an issue because it will be consistent with the ▮▮▮▮▮▮ set forth in the stalking horse bid(s).

Does the Trust have any other issues with Acheron's form of APA or its compliance with any other bid requirements? As I mentioned in my prior email, Acheron would be reaffirming and relying on the documents previously submitted with its earlier stalking horse bid.  If there are any issues worthy of discussion, Steve and I are available for a call tomorrow (Friday) morning.  Please let us know.  Thanks.

Larry


**Larry I. Glick**
Partner | Shutts & Bowen LLP
Tel: (305) 379-9180
200 South Biscayne Blvd., Ste. 4100, Miami, FL 33131
Bio | E-Mail | vCard | www.shutts.com

**From:** David L Rosendorf <dlr@kttlaw.com>
**Sent:** Wednesday, November 23, 2022 4:50 PM
**To:** Larry I. Glick <LGlick@shutts.com>
**Cc:** Steve Schreckinger <sschreckinger@andersonkreiger.com>
**Subject:** Re: Trying Again - 1420181-Acheron Redline Scheck Tranche - 11/22/22 Mark-Up

Larry -

I am glad to discuss on Friday if you'd like but the Trustee disagrees with your reading of the court's prior order. The court has ruled that Acheron can not be required to waive its claims as a condition of access to the data room or participating in the auction. The Trustee is not doing either of those things. That does not mean that Acheron can *win* the auction and be the successful bidder and then turn around and oppose the completion of the sale for which it has bid. Acheron is not required to waive its claims in order to participate in the auction, but if it is selected as the successful bidder it will be expected - like any other bidder - to support rather than resist closing of the sale.

We are also unable to respond as to whether the form of the agreement is acceptable or not without material components - i.e. the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ - being included in the APA rather than left blank.

David L. Rosendorf, Esq. | Partner
KOZYAK TROPIN & THROCKMORTON
2525 Ponce de Leon Blvd, FL 9, Miami, FL 33134
Phone 305.372.1800 | Direct 305.377.0651 | Email dlr@kttlaw.com

On Nov 23, 2022, at 4:25 PM, Larry I. Glick <LGlick@shutts.com> wrote:

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

David,

2

Given the fast approaching December 2 deadline for the submission of bids, I am following up to ask that you please advise us of your position on the comments included in Acheron's last APA mark-up that I forwarded to you yesterday (see below) **by no later than noon on Monday, November 28**.

I also wanted to highlight that Acheron cannot be required to waive its rights to object to an Order approving a sale, appeal such Order or seek a further stay because that would violate Judge Moreno's Order (DE 3142), which provides that the "the Trustee may not condition … Acheron's participation in the auction on Acheron waiving any claims against the Trustee or the right to appeal."  As noted in Acheron's last APA mark-up, the Trust has proposed two conditions in particular that violate that Order:  the requirements that (a) if Acheron is chosen as a successful bidder or back-up bidder, Acheron shall cooperate to consummate the sale and shall not object to and/or appeal the entry of the Sale Approval Order ████████████; and (b) if Acheron appeals and/or seeks to stay the Sale Approval Order, Acheron shall pay for the general administration of the Trust ████████████, which subjects Acheron to an economic penalty if it exercises its right to appeal and/or stay the Sale Approval Order.

We look forward to hearing from you on all of the comments included in Acheron's last APA mark-up by noon on Monday, November 28.  As a reminder, Steve and I are available over the holiday weekend to discuss, if needed.  As always, Acheron reserves all of its claims and rights under its prior APAs and the March 2015 Agreement.

I wish you and your family a Happy Thanksgiving.

Larry

**Larry I. Glick**
Partner | Shutts & Bowen LLP
Tel: (305) 379-9180
200 South Biscayne Blvd., Ste. 4100, Miami, FL 33131
Bio | E-Mail | vCard | www.shutts.com

**From:** David L Rosendorf <dlr@kttlaw.com>
**Sent:** Tuesday, November 22, 2022 2:07 PM
**To:** Larry I. Glick <LGlick@shutts.com>
**Cc:** Steven Schreckinger <sschreckinger@andersonkreiger.com>
**Subject:** RE: Trying Again - 1420181-Acheron Redline Scheck Tranche - 11/22/22 Mark-Up

3

EXTERNAL: This email originated from outside of the SHUTTS email system. Do not respond, click any links or open any attachments unless you trust the sender and know the content is safe.

Larry –

I see the green comments in this version. We'll review and follow up. With regard to auction procedures, we will need one designated person with authority to bid and that should be the person who is physically present at the auction. We expect to be able to accommodate remote access for others.

- David

David L. Rosendorf, Esq. | Partner

KOZYAK TROPIN & THROCKMORTON

2525 Ponce de Leon Blvd, FL 9, Miami, FL 33134

Phone 305.372.1800 | Direct 305.377.0651 | Email dlr@kttlaw.com

---

**From:** Larry I. Glick <LGlick@shutts.com>
**Sent:** Tuesday, November 22, 2022 1:55 PM
**To:** David L Rosendorf <dlr@kttlaw.com>
**Cc:** Steven Schreckinger <sschreckinger@andersonkreiger.com>
**Subject:** Trying Again - 1420181-Acheron Redline Scheck Tranche - 11/22/22 Mark-Up
**Importance:** High

> **CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

I'm not sure if the version that I sent a few minutes ago shows all of our respective comments so I'm trying again.

David - thank you for your comments on Acheron's draft form of APA, but in accordance with prior Court orders which you are familiar with, Acheron cannot be required to waive its rights to object to an Order approving a sale, appeal such Order or seek a further stay.  See attached mark-up showing Acheron's specific responses to some of your changes.

To simplify your review, I've attempted to highlight in <mark>green</mark> where we made a specific language change (or at minimum) the relevant section or responsive comment - hopefully, the green shows up on your end.  In light of the Trust's December 2 bid deadline, if there are any remaining issues, I suggest we talk rather than exchange another draft.  Steve and I are available tomorrow and over the holiday weekend, if needed.  Please advise asap if the form of revised agreement is acceptable to the Trust or, if not, when you are available to discuss.

Also, we are still waiting to hear back if the Trust will allow Acheron an opportunity to participate in the auction remotely, if it has at least one representative present in person.  Given that Acheron's business people are not local, please also advise on that issue asap.  Thanks.

Larry

**Larry I. Glick**
Partner | Shutts & Bowen LLP
Tel: (305) 379-9180
200 South Biscayne Blvd., Ste. 4100, Miami, FL 33131
Bio | E-Mail | vCard | www.shutts.com

<image001.png>
<image002.jpg>