UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 04-60573-CIV-MORENO/STRAUSS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MUTUAL BENEFITS CORP., *et al*,

    Defendants.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO
APPROVE INTERIM TRUST ACCOUNTING, LIMITATION NOTICE,
AND DISCHARGE OF TRUSTEE UPON COMPLETION
OF FINAL ACCOUNTING AND FINAL DISTRIBUTIONS**

On August 21, 2024, the Trustee filed his *Trustee's Motion to Approve Interim Trust Accounting, Limitation Notice, and Discharge of Trustee Upon Completion of Final Accounting and Final Distributions* (DE#3219) The Court, having considered the Motion, the filings in support thereof, relevant authorities, and the record in this case, and being otherwise fully advised in the premises, it is —

**ORDERED and ADJUDGED** as follows:

    1.    The Settlement Statement and Accounting Schedules, together with the Glossaries of Terms,[1] constitute an accounting with respect to the period from the September 25, 2009 inception of the Trust through March 31, 2024 that adequately discloses the information required by and substantially complies with the standards set forth in Florida Statutes § 736.08135.

---

[1] Capitalized terms not otherwise defined shall the meanings given to them in the Motion.

2. Any claim by a Keep Policy Investor ("KPI") relating to any matter disclosed in the Trust Accounting, or previously disclosed in the Trustee's annual financial reporting and various notices to investors, is barred if not brought within six months of the Trustee's delivery of the Trust Accounting and Notice to Investors, including without limitation: (a) the sale of the Trust's Policies, (b) the allocation of the sale proceeds, (c) the application of the Liquidation Costs to the proceeds, (d) the calculation of the amounts, if any, distributable to KPIs from the net proceeds, (e) the calculation and distribution of premium refunds, if any, to KPIs; and (f) all transactions and activities of the Trust reflected in the Trust Accounting, including without limitation the fees and expenses paid to the Trustee and the Trustee's professionals and other Liquidation Costs incurred and paid by the Trust.

3. The manner of delivery of the Trust Accounting and related documents described in the Motion constitutes "notice" for purposes of the Florida Trust Code, in that it constitutes the sending of a document in a manner reasonably suitable under the circumstances and likely to result in receipt of the notice or document. *See* Fla. Stat. § 736.0109(1). To the extent that a KPI has not maintained a current address with the Trustee and mail directed to them at their last known address is returned as undeliverable, and the Trustee despite reasonable efforts is unable to identify a valid current address, the Court determines that the KPI's location is unknown to and not reasonably ascertainable by the Trustee, and that accordingly notice is not required. *See* Fla. Stat. § 736.0109(2). For KPIs whose location is unknown to the Trustee, the Court finds that the Trustee making the Notice to Investors and Trust Accounting available through the investor login on the Trust website constitutes adequate and sufficient notice.

4. The Court approves of the Trustee's proposed disposition of Unclaimed Funds and Unclaimed Distributions as set forth in this Motion.

5. Upon the Trustee's completion of final distributions, provision of a final accounting for the period after March 31, 2024, completion of the administration or abandonment of any Unadministered Assets, and certification of same to the Court, the Trust may be terminated and the Trustee shall be discharged.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of ~~August~~ September, 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

c: All counsel of record